**FARRA & WANG**

Times Wang
twang@farrawang.com
(202) 505-6227

August 23, 2024

*Via ECF*
Hon. Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Yang et al. v. Fei et al.*, 24-cv-05055 (RA)

Dear Judge Abrams:

I write pursuant to Your Honor's Order and Notice of Initial Conference, Dkt. 4, to: (1) provide the information requested by that order; and (2) to request a modification of the deadline to submit a joint proposed case management plan and scheduling order, and an adjournment of the August 30 initial status, because, despite their best efforts, plaintiffs have not yet been able to serve most of the defendants.

**The information requested by the order.**

1. *A brief description of the nature of the action and the principal defenses thereto.*

This is an action brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO") over a fraudulent, Ponzi-like scheme known mainly as "HomeX." The principal defenses thereto are unknown to plaintiffs.

2. *A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees.*

Certain of the defendants reside in and regularly transact business in this district. Also, many of the financial transactions making up the misconduct occurred in this district, in that they occurred over the payment service known as Zelle, which is owned and operated by Early Warning Services, LLC, which, in turn, is owned and operated by, among others, JPMorgan Chase & Co., which is headquartered in this district.

One party, ASZ Supply LLC, is a limited liability company organized under the laws of New Jersey. Its members are believed to be residents of Georgia.

FARRA
& WANG

3. *A brief description of all contemplated and/or outstanding motions.*

Plaintiffs may bring a motion for early discovery to aid of service of process. *See, e.g.*, *Strike 3 Holdings v. Doe*, 21-cv-1852 (AJN) (S.D.N.Y. May. 18, 2021) (granting such motion).

4. *A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations.*

None.

5. *A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement.*

None.

6. *The estimated length of trial.*

Given that much of the evidence is expected to be in Chinese, the number of defendants, and the complexity of the underlying scheme, plaintiffs expect that, were this matter to be tried to a jury, as plaintiffs have requested, the trial would require between 2-3 weeks.

7. *Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.*

As mentioned above, plaintiffs have had difficulty serving most of the defendants. Additionally, as discussed in the complaint, many of the defendants' true identities are unknown to plaintiffs. So, plaintiffs are contemplating moving for limited, early discovery under Fed. R. Civ. P. 26(d)(1) to obtain information necessary to identify and effect service on certain defendants.

**Request for modification of joint submission deadline
and adjournment of status conference.**

As mentioned above, plaintiffs have not been able to serve most of the defendants, despite their best efforts. Specifically, despite having engaged numerous process servers around the country, plaintiffs have thus far only been able to successfully serve two of the 16 named defendants, namely Xiaona "Lina" Zhou (in Virginia) and Qilong "Lucy" Liu (in Michigan). Given that, and to conserve both the Court's and the parties' resources, plaintiffs request that the deadline for joint submission of the proposed case management plan and scheduling plan be modified, and that the August 30 conference be adjourned.

Specifically, plaintiffs request that the deadline for a joint submission be vacated, or at least extended for 60 days, and that the status conference be adjourned until a date to be

determined later. And, in place of those events, plaintiffs propose that the Court set a deadline of September 13, or three weeks from today, for plaintiffs to update the Court on their efforts to serve the remaining defendants.

 Counsel for plaintiffs is available to answer any questions the Court may have.

Dated: August 23, 2024     Respectfully submitted,

            */s/ Times Wang*
            Times Wang (admitted *pro hac vice*)
            **Farra & Wang PLLC**
            1300 I Street NW, Suite 400E
            Washington, DC 20005
            (202) 505-6227
            twang@farrawang.com

            Alexander Heckscher
            Law Offices of Alexander Heckscher, Esq.
            305 Broadway, 7F, Suite 88
            New York, NY 10007
            (202) 323-6895
            alex@heckscherlaw.com

            *Counsel for plaintiffs*