UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIN "KELLY" YANG and TING "SUSAN" CHEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A FEI, SHUYUN CHEN, YU "RITA" CHEN, YUEZHU DU, YURONG "MARY" HU, YUXIA HU, XUE "LINDA" LIN, QILONG "LUCY" LIU, LIJUN OUYANG, JINGYI SHEN, WENLING "ABBY" WANG, YUN YE, NAN "LUCAS" ZHENG, XIAONA "LINA" ZHOU, LEI "ANDY" ZHU, ASZ SUPPLY INC., AND DOE DEFENDANTS 1-100,<br><br>Defendants. | Case No. 1:24-cv-05055-RA |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**

## I. INTRODUCTION

This is a class action alleging a massive Ponzi-like scheme known as HomeX. The scheme involved taking large deposits from customers in exchange for the ability to purchase home furnishings and other goods at steep discounts, with those who ran HomeX promising the eventual return of those deposits. The Ponzi-like nature of the scheme lies in the fact that HomeX funded the return of deposits by using deposits obtained from later customers.

Named plaintiffs Xin "Kelly" Yang and Ting "Susan" Chen filed the operative class action complaint on July 2, 2024. Dkt. 1.

In response, five of the defendants, namely Yurong Hu, Qilong Liu, Wenling Wang, Nan Zheng, and Xiaona Zhou filed three identical counterclaims against Mses. Yang and Chen: (1) fraud, *see* Dkts. 19, 20, 21, 22, and 26, ¶ 17; (2) unjust enrichment, *id.*, ¶ 18; and (3) what appears to be malicious prosecution. *Id.*, ¶ 19.

These counterclaims are absurd and Mses. Yang and Chen reserve the right to seek sanctions for their assertion. More to the point of this motion, however, none of the defendants asserting these counterclaims has set forth a *single* fact in support of those counterclaims, and so they should be dismissed. And, because the complete lack of factual support indicates that the counterclaims are frivolous, they should be dismissed with prejudice and without leave to amend.

## II. LEGAL STANDARD

Rule 8(a)(2) requires "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 9(b) additionally requires that "a party must state with particularity the circumstances constituting fraud."

### III. ARGUMENT

#### A. The counterclaims must be dismissed because they contain *zero* facts.

The counterclaims must be dismissed because they do not contain "sufficient factual matter" that would make the counterclaims "plausible." *Iqbal*, 556 U.S. at 678. Indeed, they contain *zero* factual matter, and read in their entirety as follows:

1. *First counterclaim*: "Plaintiff defrauded Defendant, for which Defendant seeks recovery against Plaintiff of damages, costs, and reasonable attorneys' fees."

2. *Second counterclaim*: "As a result of such acts of theft and conversion of the property as against Defendant, Plaintiff has been unjustly enriched and therefore, Defendant seeks recovery against Plaintiff of damages, costs, and reasonable attorneys' fees."

3. *Third counterclaim*: "Defendants respectfully submits that the instant action is frivolous, baseless, and malicious and intended to harass the Defendants and inflict emotional distress, and therefore, Defendants seek recovery against Plaintiffs of damages, costs, and reasonable attorneys' fees."

These are pure legal conclusions completely untethered to any facts and the Court need not and should not accept them as true for any purpose. *Iqbal* at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). And given that these allegations constituted the *entirety* of the counterclaims, the counterclaims fail to satisfy even Rule 8, much less Rule 9, which applies to the first counterclaim.

### B. Dismissal should be with prejudice and without leave to amend because the counterclaims are frivolous.

Additionally, the total absence of any facts in the counterclaims strongly indicate they are frivolous. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (courts may dismiss claims without leave to amend "where the substance of the claim pleaded is frivolous on its face").

Indeed, the third counterclaim appears to be based on the filing of this very lawsuit, which cannot possibly form the basis of a counterclaim. *E.g.*, *Brown v. Brown*, 343 F. Supp. 2d 195, 198 (E.D.N.Y. 2004) ("Brosnan's counterclaims are utterly devoid of any factual or legal basis. The answer pleads a counterclaim for 'Malicious Prosecution (Bad Faith Litigation)' . . . and all of the allegations relate solely to the commencement of the present civil lawsuit. A claim of malicious prosecution cannot be base[d] on a pending proceeding. Likewise, a claim for abuse of process cannot lie solely on the commencement of a civil action.").

As such, the Court should dismiss the counterclaims with prejudice and explicitly deny leave to amend. *E.g.*, *id.* ("Furthermore, Brosnan does not allege any special damage beyond the normal burden of defending the instant lawsuit. . . . Thus, it appears that Brosnan's counterclaim is utterly frivolous on its face and warrants dismissal without leave to amend.").

## IV. CONCLUSION

The counterclaims should be dismissed with prejudice and without leave to amend.

| | |
|---|---|
| Date: November 6, 2024 | /s/ Alexander Heckscher<br>Alexander Heckscher<br>LAW OFFICES OF<br> ALEXANDER HECKSCHER, ESQ.<br>305 Broadway<br>7th Floor, Suite 88<br>New York, NY 10007<br>(212) 323-6895<br>alex@heckscherlaw.com<br><br>Times Wang (admitted pro hac vice) |

FARRA & WANG PLLC
1543 Champa St., Suite 400
Denver, CO 80202
(303) 534-3047
twang@farrawang.com

*Counsel for the Plaintiffs*