YUN YE

2 London Dr

East Brunswick, NJ 08816

Chenr6739@gmail.com

Date: 11/26/24



**United States District Court**

**Southern District of New York**

500 Pearl Street

New York, NY 10007

**Re: Response to Class Action Lawsuit-**

**Civil Action No. 1:24-cv-05055-RA**

Honorable Judge:

I, **YUN YE**, the defendant in this case, respectfully submit this response and request to be removed from the defendant list in the class action lawsuit. The claims in this class arise from the same set of facts that were fully resolved in a prior class action settlement approved by the Philadelphia Court of Common Pleas in **Docket No: 230202158**. Although the plaintiffs in this case are not the named plaintiffs from the prior case, they fall within the scope of the class defined in that settlement.

**Background and Settlement Details**

In the prior case, I entered into a settlement agreement with the plaintiffs, which was approved by the Court. This agreement explicitly released all

1

claims—known or unknown—arising from the same facts for all class members and similarly situated individuals. Furthermore, the agreement prohibited the filing of any new lawsuits based on these resolved claims.

I understand that the current lawsuit is framed under the **RICO Act** (Racketeer Influenced and Corrupt Organizations Act). However, the factual basis for the claims in this case remains identical to the facts resolved through the prior settlement. The settlement agreement was intended to resolve all disputes related to these facts, regardless of the specific legal theory or cause of action later presented.

To fulfill the terms of the settlement, I issued a **bank draft in the amount of $40,000 on 9/17/2024,** as agreed upon. Attached is a copy of my payment record as evidence of my compliance.

**Legal Grounds: Doctrine of Res Judicata**

Under the doctrine of **res judicata**, once a competent court has resolved a matter, the same parties or their representatives may not relitigate the same set of facts. This doctrine is essential to ensure judicial efficiency and finally, and it applies to this case. While this lawsuit is presented under the RICO Act, it is barred by both the terms of the prior settlement agreement and the principles of **res judicata**, as it arises from the same facts that have already been conclusively resolved.

**Supporting Documents**

To support my request, I have attached the following documents:

1. **Trial Work Sheet**: Issued by the Philadelphia Court of Common Pleas, this document confirms that the prior case was resolved through settlement. While it is not the formal approval order, it serves as evidence of the resolution.
2. **Payment Record**: A copy of the bank draft I issued to fulfill the settlement terms.

While I regret that I am unable to provide the fully executed settlement agreement or the court's formal approval order at this time. My former attorney confirmed the settlement terms and approval. The payment record further demonstrates that the matter has been conclusively resolved.

**Request for Court Action**

I respectfully request that the Court:

1. Review the attached documents and any available records from the Philadelphia Court of Common Pleas to confirm the prior settlement.
2. Consider the attached **Trial Work Sheet** and payment record as sufficient evidence of resolution.
3. Remove me from the defendant list in this case, as this lawsuit is barred by the prior settlement agreement and the doctrine or **res judicata**.

**Closing Statement**

I appreciate the Court's attention to this matter and respectfully ask for a favorable resolution. Thank you for your time and consideration.

**Respectfully submitted,**

YUN YE

*Ye Yun* (signature)

Date: 11/26/24

---

Certificated of Service

I hereby certify that on 11/26/24, I will serve a true and correct copy of this Response to Plaintiffs' Counsel via Mail, as required by the Cour's rules.

Attorney: Alexander Heckscher, 305 Broadway, 7th Floor, New York, New York 10007

Attorney: Times Wang, 1300 I Street, N.W., Suite 400E Washington, D.C. 20005

Court of Common Pleas of Philadelphia County
Trial Division - Civil
**TRIAL WORK SHEET**

| Judge's Name: | Judge's I.D.: | Signature: |
|---|---|---|
| GWENDOLYN N BRIGHT | J402 | [signature] |

Report Generated 25-SEP-24 Job #81330

| Caption: | Case Type: | Program: |
|---|---|---|
| LIN ETAL VS OUYANG ETAL | FRAUD | MAJOR JURY-STANDARD |

| Court Term and Number: | If Consolidated, Court Term and Number: |
|---|---|
| #2302-02158 | |

| Trial Date: | | Total Amount: | Number of Days: | Disposition Date: | Date Sheet Prepared: |
|---|---|---|---|---|---|
| | ☐ Jury<br>☐ Non-Jury | | | 23-SEP-2024 | 23-SEP-2024 |

Full Description of Disposition (to be entered Verbatim on the Docket)

WSPTJ-Lin Etal Vs Ouyang Etal [SHJ]

23020215800127

- ☐ Default Judgment/Court Ordered
- ☐ Directed Verdict
- ☐ Discontinuance Ordered
- ☐ Transferred to binding arbitration
- ☐ Finding for Defendant (Non-Jury)
- ☐ Finding for Plaintiff (Non-Jury)
- ☐ Damages Assessed
- ☐ Judgment entered by agreement
- ☐ Judgment entered
- ☐ Judgment satisfied

- ☐ Jury Verdict for Plaintiff
- ☐ Jury Verdict for Defendant
- ☐ Mistrial
- ☐ Hung Jury
- ☐ Non-Pros entered
- ☐ Non-Suit entered
- [X] Settled prior to assignment for trial (Team Leaders, only)
- ☐ Settled after assignment for trial
  - ☐ prior to jury selection
  - ☐ after jury sworn

- ☐ Other (explain)

TRIALWS REV 6/5/17

Page 1 of 1

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) C. FORTE 10/01/2024

## Cashier's Check

**CHASE** ⓘ

CASHIER'S CHECK

9497430406
26-3/440

Date: 09/17/2024

Remitter: YUN YE

Pay To The Order Of: EPPERSON & GREENIDGE, P.A.

Pay: FORTY THOUSAND DOLLARS AND 00 CENTS

$** 40,000.00 **

Drawn: JPMORGAN CHASE BANK, N.A.

*Rebecca Grigin*
Rebecca Griffin, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Columbus, OH

Memo: Settlement Funds

Note: For information only. Comment has no effect on bank's payment.

⑆9497430406⑆ ⑉044000037⑉ 75866 1433⑉

---

### Back of Check

WARNING: DO NOT CASH CHECK WITHOUT NOTING THE ARTIFICIAL WATERMARK. HOLD CHECK AT 45 DEGREE ANGLE TO VIEW

x For deposit only

DO NOT WRITE / SIGN / STAMP BELOW THIS LINE
▼ DEPOSITORY BANK ENDORSEMENT ▼



9/23/24

2037879218

FOR INFORMATION CONCERNING THIS INSTRUMENT
CONTACT
JPMORGAN CHASE BANK, N.A.
1-800-000-0000

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the ___ day of September 2024, by and between the forty-eight (48) individual plaintiffs (whose names and addresses are attached hereto as Schedule A) and their heirs, representatives, successors, and assigns (collectively "Plaintiffs"), on the one hand, and Defendants Yun Ye and Chen Ye LLC (collectively "Ye Defendants") on the other hand. "Party" may refer to any of the Plaintiffs or either of the Ye Defendants, and Plaintiffs and the Ye Defendants are collectively referred to as the "Parties."

WHEREAS, on or about February 22, 2023, Plaintiffs filed a Complaint in the Philadelphia County Court of Common Pleas against the Ye Defendants, captioned *Bian Lin, et al. v. Li Jun Ouyang, et al.* Docket Number 230202158 (hereinafter the "Action"). In this Action, Plaintiffs accused the Ye Defendants of, *inter alia*, fraud, civil conspiracy to commit fraud, breach of contract, unjust enrichment, and other causes of action due to the Ye Defendants' role in promoting HomeX and collecting and failing to refund deposits from the Plaintiffs.

WHEREAS the Ye Defendants deny all liability in the Action.

WHEREAS, the Parties have now determined that it would be in their respective best interests to forever settle all known and unknown disputes between them, that existed prior to the date of this Agreement; and

WHEREAS, the Parties intend to enter into this Agreement which constitutes a full, complete, final and binding resolution between them.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein, the Parties agree as follows:

1. The Ye Defendants shall pay to the Plaintiffs the sum of forty thousand dollars ($40,000) ("Settlement Funds"). The payments shall be made by way of a certified or bank check

made payable to Epperson & Greenidge, P.A., Client Trust Account, or by wire to the Epperson & Greenidge, P.A. Client Trust Account at Bank of America, wire instructions will be sent under separate cover. Payment will be made within fourteen (14) days of the Ye Defendants' receipt of this Agreement executed by the Plaintiffs. The Parties agree that each party shall bear their respective attorneys' fees and costs associated with the action.

2. After the settlement funds have been deposited and cleared, Plaintiffs will immediately notify the Philadelphia Court of Common Please that they are dismissing the Action against the Ye Defendants with prejudice.

3. This Agreement is being entered into to avoid the burden, inconvenience, uncertainty, and expense of litigation and shall not be construed or deemed to be an admission or concession by the Parties as to the merits of any claim or defense or of any wrongdoing, liability, or culpability in any way.

4. Plaintiffs fully and finally release, acquit, and discharge the Ye Defendants and any and all of their past, present, and future heirs, executors, administrators, representatives, transferors, insurers and reinsurers, attorneys, successors, and predecessors (the "Released Parties"), from any and all legal, equitable, arbitration, or other claims, whether such claims were brought or could have been brought in the Action

5. This Agreement shall be binding upon and shall inure to the benefit of each of the Parties hereto and their respective heirs, executors, officers, directors, employees, subsidiaries, affiliates, successors, administrators, representatives, agents, and assigns.

6. As a condition of this settlement agreement, the Ye Defendants acknowledge that the Action is still pending against co-defendants Livia Dandan Yang, Yang's Cosmetic LLC, and Li Jun Ouyang, and the Ye Defendants agree to fully cooperate in any future depositions and/or

trial proceedings in this Action and agree to provide complete, truthful and accurate answers to all questions proffered to them during the pendency of the Action.

7. This Agreement shall be interpreted and the rights and obligations of the Parties construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to its choice of laws.

8. The Ye Defendants acknowledge that they have read the foregoing, understands its contents, have had the opportunity to discuss its contents with counsel of their own choosing, and has signed this Agreement of their own voluntary act. The Ye Defendants represent and warrant that they have the legal authority to enter into this Agreement and that no other individual or entity has any ownership and/or interest in the Action, the Settlement or the Settlement Funds. In the event this representation is false and a third party makes a claim for said Settlement Funds, Ye Defendants agree to indemnify the Plaintiffs.

9. If any provision of this Agreement is for any reason held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision hereof, but this Agreement shall, in such event, be construed as if such invalid and/or unenforceable provision had never been contained herein.

10. Counterparts and PDF or Facsimile. The Parties agree that this Agreement may be executed in counterparts, and that a PDF or facsimile copy of this Agreement shall be as authentic, binding, and enforceable as the originally signed document.

THE PARTIES HERETO ACKNOWLEDGE THAT THEY HAVE READ THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE AND FULLY KNOW, UNDERSTAND, AND APPRECIATE ITS CONTENTS, AND THAT THEY EXECUTE THE SAME AND MAKE THE SETTLEMENT PROVIDED FOR HEREIN VOLUNTARILY AND OF THEIR OWN FREE WILL.

**THIS IS A SETTLEMENT AGREEMENT. READ CAREFULLY BEFORE SIGNING.**

## YE DEFENDANTS:

_____     _____
Yun Ye                          Date


_____     _____
Chen Ye LLC                     Date

    By:_____

    Title:_____

## PLAINTIFFS:

_____     _____
BIAN LIN                        Date


_____     _____
BINGJING LIN                    Date


_____     _____
CAN HUAN LI                     Date


_____     _____
CUI LIN                         Date


_____     _____
DANFENG LIN                     Date


_____     _____
DANRONG NI                      Date


_____     _____
DANTING LU                      Date


_____     _____
FENGJUAN YANG                   Date


_____     _____
GENG CHEN                       Date

| | |
|---|---|
| _____<br>JIE HONG | _____<br>Date |
| _____<br>HONGDAN DONG | _____<br>Date |
| _____<br>HUILING LIN | _____<br>Date |
| _____<br>JING LIN | _____<br>Date |
| _____<br>JUAN XIAO | _____<br>Date |
| _____<br>KUNFENG CHEN | _____<br>Date |
| _____<br>LIANG HE | _____<br>Date |
| _____<br>LILY LIN | _____<br>Date |
| _____<br>LING DAN WU | _____<br>Date |
| _____<br>LING LI | _____<br>Date |
| _____<br>LING WANG | _____<br>Date |
| _____<br>MARY LIYI MA | _____<br>Date |
| _____<br>MEIFANG CHEN | _____<br>Date |
| _____<br>MEIMEI TANG | _____<br>Date |
| _____<br>QI CHEN | _____<br>Date |

| | |
|---|---|
| QIREN LIANG | Date |
| QIUMEI XU | Date |
| RONGJIAO YIN | Date |
| SHAO WANG | Date |
| SUYIN HU | Date |
| WEI GAO | Date |
| WENQIONG ZHAO | Date |
| WENYUN GAN | Date |
| XIA LIN | Date |
| XIAOMEI HE | Date |
| XIAOQING ZHENG | Date |
| XIAOYAN WEI | Date |
| XIU LI | Date |
| XIUWEN LIU | Date |
| XIUYUN ZHAO | Date |

From: YUN YE
2 London Dr
East Brunswick, NJ 08816

TO: /s/ J. Gonzalez
Clerk of Court
500 Pearl Street New York,
NY 10007