UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIN "KELLY" YANG and TING "SUSAN" CHEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A FEI, SHUYUN CHEN, YU "RITA" CHEN, YUEZHU DU, YURONG "MARY" HU, YUXIA HU, XUE "LINDA" LIN, QILONG "LUCY" LIU, LIJUN OUYANG, JINGYI SHEN, WENLING "ABBY" WANG, YUN YE, NAN "LUCAS" ZHENG, XIAONA "LINA" ZHOU, LEI "ANDY" ZHU, ASZ SUPPLY INC., AND DOE DEFENDANTS 1-100,<br><br>Defendants. | Case No. 1:24-cv-05055-RA |

**MEMORANDUM IN OPPOSITION TO**
**YUN YE'S RESPONSE TO CLASS ACTION LAWSUIT**

1

On December 2, 2024, this Court docketed a response from defendant Ye Yun[1] to the complaint styled: "Response to Class Action Lawsuit." Mr. Yun's response asks that he "be removed from the defendant list in the class action lawsuit." Dkt. 42 at 1.[2] To the extent Mr. Yun's response is construed as a motion to dismiss under Rule 12, it should be denied.

The basis for Mr. Yun's request is a settlement in a different action, *Bian Lin et al. v. Li Jun Ouyang et al.*, Docket Number 230202158 in the Philadelphia County Court of Common Pleas ("*Bian* Action"). Mr. Yun asserts that that settlement of the *Bian* Action—which was not a class action—bars the claims against him here under *res judicata*. Dkt. 42 at 2. Mr. Yun is mistaken because plaintiffs were not parties to the *Bian* Action.

"To prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Here, the plaintiffs in the *Bian* Action were not the plaintiffs here, nor were they in privity with the plaintiffs here, in that the plaintiffs here did not authorize the *Bian* plaintiffs to represent them in any capacity. *See* Dkt. 42 at 10-12. Indeed, Mr. Yun acknowledges as much, noting that "the plaintiffs in this case are not the named plaintiffs from the prior case[.]" *Id.* at 1. Mr. Yun's *res judicata* argument fails for this reason alone.

Still, Mr. Yun argues that *res judicata* applies because "the plaintiffs in this case … fall within the scope of the class defined in that settlement." *Id.* But the *Bian* Action was not a class

---

[1] Plaintiffs' understanding is that Yun is the defendant's family name.

[2] Citations to Dkt. page numbers are to the pages in the top right corner affixed by the Court's electronic filing system.

action. And the settlement of that action was only "between the forty-eight (48) individual plaintiffs … on the one hand, and Defendants Yun Yu and Chen Yu LLC … on the other hand." *Id.* at 7. Thus, there was no class in the *Bian* Action, and Mr. Yun's statement that the plaintiffs here "fall within the scope of the class defined in that settlement" is simply inaccurate.[3]

Finally, to the extent Mr. Yun's argument is that the *Bian* plaintiffs "virtually represented" the plaintiffs here, that argument is foreclosed by *Taylor v. Sturgell*, 553 U.S. 880 (2008) and *Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516 (2d Cir. 2009), both of which rejected the virtual representation doctrine as a violation of due process. *E.g.*, *Esquire* at 522 (giving a settlement agreement "*res judicata* effect [under the doctrine of virtual representation] against Esquire would violate due process"). Put simply, the plaintiffs here cannot be deprived of the "deep-rooted historic tradition that everyone should have his own day in court," *Taylor* at 892-3 (internal quotations omitted), via a settlement in which they had zero involvement.

Given all this, to the extent Mr. Yun's response is construed as a Rule 12 motion to dismiss, it should be denied.[4]

| | |
|---|---|
| Date: December 12, 2024 | /s/ Alexander Heckscher<br>Alexander Heckscher<br>LAW OFFICES OF<br> ALEXANDER HECKSCHER, ESQ.<br>305 Broadway<br>7th Floor, Suite 88<br>New York, NY 10007<br>(212) 323-6895<br>alex@heckscherlaw.com<br><br>Times Wang (admitted pro hac vice)<br>FARRA & WANG PLLC<br>1543 Champa St., Suite 400 |

---

[3] Certainly, plaintiffs here were not offered and did not receive any of the monies paid in that settlement.

[4] To be sure, Mr. Yun is free to argue that, because of the settlement of the *Bian* Action, the plaintiffs there have effectively opted out of this class action. But that is a question for another day.

Denver, CO 80202
(303) 534-3047
twang@farrawang.com

*Counsel for the Plaintiffs*