UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| XIN "KELLY" YANG and TING "SUSAN" CHEN, on behalf of themselves and all others similarly situated, Plaintiffs, <br><br> v. <br><br> A FEI, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:24-cv-05055-RA-KHP <br><br> **FIRST SET OF DOCUMENT REQUESTS AND INTERROGATORIES BY DEFENDANTS** |

------------------------------------------------------------------------X

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("FRCP"), and the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"), the appearing defendants, by and through their attorneys, **THE KASEN AND LIU LAW FIRM, PLLC**, hereby requests that plaintiffs (**i**) produce for inspection and copying all documents and other tangible things described in the following requests (the "Document Requests," each a "Document Request"), subject to the following instructions and definitions; and (**ii**) answer the following Interrogatories (the "Interrogatories," each an "Interrogatory") fully, in writing and under oath, subject to the following instructions and definitions. All responsive documents and things and answers to Interrogatories shall be served upon the undersigned counsel for defendants, at the offices of **THE KASEN AND LIU LAW FIRM, PLLC**, **136-33 37th Avenue, #9C, Flushing, New York 11354 (aleksander@kasenlawfirm.com**) no later than **THIRTY (30) DAYS** from the date of service of this request for production, by mailing or emailing to the undersigned counsel for defendants either the originals or certified as authentic electronic copies or photocopies of the requested documents.

**SECTION I**, below, contains instructions and definitions applicable to all Document Requests and Interrogatories herein.

## I. INSTRUCTIONS AND DEFINITIONS

All Interrogatories, Document Requests, and Requests for Admission below should be read, interpreted, and responded to in accordance with the instructions and definitions below and the FRCP and Local Rules.

## A. Instructions

1. Produce all responsive documents and things in your possession, custody or control.

2. In the event that any document called for by these Document Requests is withheld on the basis of a claim of privilege or other protected status, that document is to be identified as follows: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or appendices, all Persons to whom distributed, shown or explained, present custodian, and the nature of the privilege asserted. In the event that You withhold any information called for in any Interrogatory based upon a claim of privilege or other protected status, with respect to each such Interrogatory, state what information is being withheld, identify the information with sufficient particularity, and state the alleged ground(s) of to allow the defendants to evaluate and respond to the objection.

3. In the event that any document called for by these Document Requests no longer exists but which existed at one time, identify such document(s) in the same manner as indicated in Instruction 2 above; in addition, identify its (their) last known location and the reason each is no longer in existence.

4. In the event that any information is redacted from a document produced pursuant to these Document Requests, that information is to be identified and the basis upon which such information is redacted must be offered.

5. Responsive documents should be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the Document Requests to which they are responsive. All attachments and appended or embedded links or files should be produced if any one of them is responsive to any of the Document Requests. If You are not producing documents with respect to any of the Document Requests, you should so state in writing.

6. All electronically stored information should be produced in the form in which it ordinarily is maintained, with the exception of e-mail as set forth below. All such electronically stored information should include any and all associated metadata and any and all associated files, including, but not limited to, attachments or hyperlinked files.

7. All e-mails should be produced in electronic form in a manner that preserves the relationship between the e-mail and all of its attachments. Information from each e-mail header field should be produced in a separate database field. Any attachments to an e-mail should be produced in the electronic form in which they ordinarily are maintained. All e-mails should include any and all associated metadata and any and all associated files, including but not limited to attachments or hyperlinked files.

8. These Document Requests shall be deemed continuing in nature pursuant to FRCP 26(e) so as to require You to produce additional responsive documents in a prompt manner if such documents are obtained by You between the time that You respond to these Document Requests and the time of the trial of this proceeding.

9. Documents produced shall be Bates-stamped or otherwise numbered sequentially.

10. If You object to a Document Request or Interrogatory, in whole or in part, state the particular Document Request or Interrogatory to which you object and the precise grounds for the objection in sufficient detail to allow Defendant to evaluate and respond to the objection.

11. FRCP 26-37, and the Local Rules, are hereby incorporated by reference. In particular, the provisions of Local Rules 26.2, 26.3, 33.3 relating to claims of privilege, uniform definitions, references to records, and Interrogatories apply to and are incorporated by reference. Interrogatories beyond the scope of Local Rule 33.3(a) are served on the understanding that "they are a more practical method of obtaining the information sought than a request for production or a deposition" under Local Rule 33.3(b)(1).

12. Each of the Interrogatories is continuing in nature. Accordingly, if subsequent to serving an answer to any Interrogatory, or any part thereof, You, or any other Person on Your behalf, obtains or becomes aware of additional information pertaining to such Interrogatory, You are required, pursuant to FRCP 26(e), to provide a supplemental answer in a timely manner.

13. In answering the Interrogatories, you should furnish all information which is available, including information in the possession of your attorneys, representatives, employees, agents or investigators, and not merely such information in your own personal possession.

14. You are to answer each Interrogatory separately and fully. An incomplete or evasive answer will be considered a failure to answer.

15. If, after exercising due diligence to secure the information, you cannot answer in full any one of the following Interrogatories, or any part thereof, you should so state and answer to the extent possible, specifying your inability to answer the remainder of the Interrogatory and stating whatever information or knowledge you have concerning the unanswered portion(s), including the name of any person(s) who may have additional knowledge or information to complete the answer.

16. Each Interrogatory may be answered in whole or in part by attaching documents that contain sufficient information to answer the question completely. The relevant portion of the document, however, must be so marked or indicated. You must comply with FRCP 33(d) and the Local Rules.

17. The plural includes the singular, and vice versa.

18. The past tense includes the present tense, and vice versa.

19. The masculine gender includes the feminine gender, and vice versa.

20. Unless otherwise specifically stated, all Document Requests and Interrogatories herein refer to the period January 1, 2020 to the present, and shall include all documents and events concerning or occurring in such period.

**B. Definitions**

1. "**Litigation**" shall mean the above-captioned action, pending in the U.S. District Court for the Southern District of New York, No. 24-cv-05055.

2. "**Complaint**" shall mean the Complaint in the Litigation, ECF No. 1.

3. "**Plaintiff**" shall mean the Plaintiff in the Litigation, and any of their agents, attorneys, representatives and any other Person(s) acting or purporting to act on her behalf.

4. "**Defendant**" shall mean any one of the Defendants in the Litigation, and any of their predecessors or successors in interest, parents, subsidiaries, affiliates, divisions, departments or offices, and any of their present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person(s) acting or purporting to act on their behalf.

5. "**You**" and/or "**Your**" shall mean Plaintiffs, Yang and Chen.

6. "**Document**" or "**Documents**" shall have the same meaning as in FRCP 34 and Federal Rule of Evidence 1001, and includes, in the broadest sense possible, but is not limited to, "original" and each "duplicate" of every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and includes all tangible items, all electronically stored information ("ESI" as further defined below), and all writings, drawings, graphs, charts, photographs, video recordings, sound recordings, images and other data or data compilations stored in any medium

from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. This definition includes originals, copies, or any non-identical copy or draft version, and includes native file formats without alteration or deletion of any associated information, e.g., metadata, regardless of origin or location, which is within the scope of FRCP 26.

7. "**ESI**" shall mean all electronically stored information, including but not limited to computer files, electronic mail, information on social media or other websites (*e.g.*, Facebook, Twitter, Instagram, Snapchat, WhatsApp), information stored on "smart" or other internet and text capable cellular phone or tablet device, any other discoverable internet data, and any data stored in online or offline databases. ESI includes native file formats without alteration or deletion of any associated information, such as metadata.

8. "**Person**" shall mean any natural person or any legal entity, including, without limitation, any corporation, non-incorporated business entity, or other entity or association.

9. "**Concerning**" shall mean in relation to, related to, relating to, consisting of, referring to, reflecting, discussing, evidencing, describing, constituting, commenting on, or having any logical or factual connection with the matter discussed, as set forth in Local Rule 26.3(c)(7).

10. "**Communication**" means the transmittal of words (whether spoken or written), or other information (in the form of facts, ideas, inquiries or otherwise), regardless of the method or mode of communication (*e.g.*, in-person conversation, telephone conversation, electronic communication), as set forth in Local Rule 26.3(c)(1).

11. Requests for "**communications between [X] and [Y]**" have a broad meaning, and include any communication from X to Y, from Y to X, or any combination thereof. This includes communications in which X or Y was a passive participant (*e.g.*, a silent participant in a

conversation involving multiple people), or a secondary participant (*e.g.*, someone on the "cc" line of an email).

12. "**Date**" means the exact date, month, and year, if ascertainable; otherwise, the term "date" means the best available approximation, including relationships to other events.

13. When referring to a Person, "**Identify**" means to provide, to the extent known, his or her full name, job title, employer or business affiliation, and last known business or home. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

14. When referring to a Document (including ESI, as defined below) or written Communication, "**Identify**" means to provide, to the extent known, the (i) type of document or communication (*e.g.*, email, memorandum, employment application, letter, handwritten notes, etc.); (ii) date of the document; (iii) a brief description of its contents or general subject matter; and (iv) author(s), addressee(s) and recipient(s). You may produce the document (including ESI) or written communication in lieu of identifying it in accordance with the instructions above.

15. When referring to an oral communication, discussion, conversation, meeting, conference, or any other oral statements, the term "**Identify**" means to describe in detail the subject matter of, to state the date and location of, and to identify the participants in each such communication, discussion, conversation, meeting, conference, or statement.

16. "**Describe**" as used in connection with any act occurrence, omission, or series of acts, occurrences or omissions shall mean to provide the following information: (1) the identity of each and every person involved in the act, occurrence, omission or series of acts, occurrences or omissions as provided in the definitions of "identify"; (2) the date or dates of each and every act, occurrence or omission; (3) a brief description of the act, occurrence, omission, or series of acts,

occurrences or omissions by reference to underlying facts rather than by ultimate facts or conclusions of facts or law and the substance of any contact or communication in connection therewith; (4) an accurate and comprehensive explanation of the facts, background and circumstances which refer or relate to the information sought including, where applicable, the date, time and place; and (5) a description of each and every document involved in the act, occurrence, omission or series of acts, occurrences or omissions.

17. "**All**," "**Any**," and "**Each**" shall each be construed as encompassing any and all.

18. The connectives "**And**" and "**Or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19. The use of the singular form of any word includes the plural and vice versa.

## II. DOCUMENT REQUESTS AND INTERROGATORIES

1. Produce copies of any and all receipts, checks, wire transfers, online transfers, and copies of any other payment instruments showing plaintiffs' alleged payment of money to any of the defendants in connection with the transactions alleged in the complaint.

2. Produce all written communications alleged to have been issued by any of the defendants to any of the plaintiffs, inviting plaintiffs to invest in the enterprise/s alleged and named in the complaint.

3. Produce all documents showing the alleged receipt of any goods by any of plaintiffs from any of defendants in connection with the enterprise/s alleged in the complaint.

4. Produce copies of any alleged written communications relied upon by plaintiffs prior to allegedly remitting money to any of the defendants.

5. Produce copies of any of the alleged written communications issued by any of the plaintiffs to any of the defendants demanding a refund of any monies allegedly remitted by any of the plaintiffs to any of the defendants.

6. Produce copies of any 1099 forms reflecting any income allegedly earned by any of the plaintiffs through the enterprise/s alleged in the complaint.

7. Produce copies of any complaints allegedly made by plaintiffs to any local, state, or federal regulatory agency regarding the subject matter of the complaint..

8. Produce copies of any complaints allegedly made by plaintiffs to any local, state, or federal law enforcement agency regarding the subject matter of the complaint..

9. Produce copies of any documents showing the registration, participation, employment, or involvement of plaintiffs in any multi-level marketing companies, other than HomeX of the enterprise/s referred to in the complaint, from January 2018 through the present time.

10. Produce all other documents upon the plaintiffs intend to rely on to support their racketeering claims.

11. Produce all other documents upon the plaintiffs intend to rely on to support their claims of money laundering.

12. Produce all documents You relied upon to draft the Complaint.

13. Produce all written communications upon which You rely to establish your allegations that any of the defendants intentionally defrauded you through the transactions enumerated in the complaint.

[Balance of Page Left Intentionally Blank]

14. If someone other than counsel assisted You in responding to any of these Document Requests or Interrogatories, as to each such Document Request or Interrogatory, identify the individual and the assistance he or she provided.

Dated: Flushing, New York
April 8, 2025

**THE KASEN AND LIU LAW FIRM, PLLC**
*Attorneys for Defendants*
By: _____
Aleksander B. Milch, Esq.
136-33 37th Avenue, #9C
Flushing, New York 11354
Tel: (718) 337-8012
Fax: (718) 709-8850
Email: aleksander@kasenlawfirm.com

**No. 1:24-cv-05055-RA-KHP**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

XIN "KELLY" YANG and TING "SUSAN" CHEN, on behalf of themselves and all others similarly situated,

                              **Plaintiffs,**

       v.

A FEI, et al.,

                              **Defendants.**

## FIRST SET OF DOCUMENT REQUESTS AND INTERROGATORIES BY DEFENDANTS

**THE KASEN AND LIU LAW FIRM, PLLC**
*Attorneys for Defendants*
136-33 37th Avenue, #9C
Flushing, New York 11354
Tel: (718) 337-8012 Fax: (718) 709-8850