```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YANG, et al.,

                                    Plaintiffs,            24-CV-5055 (RA) (KHP)

           -against-
                                                           REPORT AND RECOMMENDATION
FEI, et al.,                                                ON MOTION OF DEFENDANT
                                                               YUN YE TO BE REMOVED
                                    Defendants.
-----------------------------------------------------------------X
```

**TO: THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE**
**FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

## BACKGROUND

Plaintiffs Xin Yang and Ting Chen bring this putative class action against sixteen named defendants, including Defendant Yun Ye, in connection with their involvement in an alleged Ponzi scheme run through a website, www.homexdeals.com ("HomeX"). The scheme preyed on Chinese-speaking individuals, and much of the alleged fraudulent communications involving HomeX were conducted in Chinese and through WeChat or other similar platforms. Plaintiffs assert two claims under the federal RICO statute, 18 U.S.C. §§ 1962(c) and 1964(c), against the Defendants.

According to the complaint, HomeX sold club memberships that Defendants claimed would entitle customers to certain rebates or discounts on purchases from the website or through Amazon storefronts controlled by Defendants. Customers also were encouraged to make advance and refundable deposits on purchases of goods that they would receive at a later time for a discount or for free. Defendants allegedly represented to Plaintiffs and putative class members that they would invest the deposits and club membership fees and that proceeds

1

from the investments would be used to defray the costs of products, enabling Plaintiffs to obtain them for steep discounts or even for free.  However, the funds were not invested as promised but instead pocketed by Defendants.  Plaintiff Yang allegedly lost over $60,000 and Chen allegedly lost over $10,000 as a result of being duped by the fraudulent scheme.

Defendant Fei is alleged to have been a leader of the scheme, and other defendants were administrators or played other roles in the scheme.  Defendant Yun Ye allegedly was an administrator who used a WeChat account to arrange purchase orders and supposed refunds for Plaintiffs and/or putative class members.  He allegedly supplied numerous victims with multiple different financial account details and encouraged them to transfer their money to HomeX, ultimately defrauding them of their money.

After being served with the complaint, defendant Ye, who was not represented by counsel at the time, filed a document entitled "Response to Class Action Lawsuit."[1]  (ECF No. 42.)  The document requests that Ye be "removed" as a defendant on the grounds that the claims were fully resolved through a settlement approved by the Philadelphia Court of Common Pleas in an action captioned *Bian Lin, et al. v. Li Jun Ouyang*, Doc. No. 230202158.  That action was filed by 48 plaintiffs – but not the Plaintiffs in this action -- against multiple defendants, including Ye and a related entity called Chen Ye LLC.  The only other defendant in that suit that overlaps with the Defendants in this action is Li Jun Ouyang.  The Philadelphia action asserted claims under Pennsylvania statutory and common law, including, without limitation, for fraud, breach of contract, and violations of the Pennsylvania Unfair Trade Practices Act and Consumer

---

[1] Since filing the request, Yun Ye has retained counsel.  However, his counsel has requested a ruling on the request.

2

Protection Law. The Plaintiffs in the Philadelphia action alleged they were victims of the same scheme that is targeted in this action.

Plaintiffs oppose Ye's request on the grounds that the Philadelphia case and settlement involved different plaintiffs and was not a class action settlement that covered the Plaintiffs in this action.

The Court construes Ye's submission as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds of res judicata and/or collateral estoppel or, alternatively, waiver and release. For the reasons set forth below, I respectfully recommend that the motion be denied.

**LEGAL STANDARD**

When evaluating a motion to dismiss, a court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

3

cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

A court may consider a res judicata or collateral estoppel defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice. *See, e.g., Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992); *Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc.*, 757 F. Supp.2d 218, 223-24 (E.D.N.Y. 2010); *see also Sassower v. Abrams*, 833 F.Supp. 253, 264 n.18 (S.D.N.Y. 1993) ("[T]he defense of res judicata or collateral estoppel may be brought, under appropriate circumstances, either via a motion to dismiss or a motion for summary judgment").[2] The party seeking to invoke collateral estoppel or res judicata bears the burden of showing the doctrine applies. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997); *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 492 N.Y.S.2d 584, 482 N.E.2d 63 (1985)).

---

[2] When considering a Rule 12(b)(6) motion, courts may consider documents "integral to the complaint ...." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85 (2d Cir. 2018)."Integral" documents include "instances where ... the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 107 (2d Cir. 2021) (internal quotation omitted); *see L-7 Designs*, 647 F.3d at 422 ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on a 12(b)(6) motion."). Here, Plaintiffs do not object to the Court's consideration of the settlement agreement in connection with this motion and have asked that the Court rule on the issue of whether the release bars this action under a theory of issue or claim preclusion.

**DISCUSSION**

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect as the judgment would have in the state from which it originated. *See* 28 U.S.C. § 1738 ("[J]udicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken."). The courts "apply federal law in determining the preclusive effect of a federal judgment and [applicable state] law in determining the preclusive effect of a [state] court judgment." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (internal citations omitted); *Stensrud v. Rochester Genesee Regional Trans. Auth.*, 2024 WL 2104604, at *1 (2d Cir. May 10, 2024); *In re Nine West LBO Securities Litigation*, 505 F. Supp.3d 292, 306 (S.D.N.Y. 2020).

Here, the settlement agreement at issue and dismissal of the claims against Yun Ye pursuant to the settlement occurred in a Pennsylvania state court action. Therefore, whether the settlement bars Plaintiff's claims under the doctrines of collateral estoppel or res judicata is governed by Pennsylvania law. Under Pennsylvania law, collateral estoppel (also called issue preclusion) applies when:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Muhammed ex rel. J.S. v. Abington Tp. Police Dept.*, 37 F.Supp.3d 746, 757 (E.D. Pa. 2014) (quoting *Office of Disciplinary Counsel v. Kiesewetter*, 585 Pa. Super. 477, 484 (2005)). In

Pennsylvania, "[c]ollateral estoppel may be used as either a sword or a shield by a stranger to the prior action if the party against whom the doctrine is invoked was a party ... to the prior action." *Spisak v. Edelstein*, 768 A.2d 874, 877 (Pa. Super. Ct. 2001).

Under Pennsylvania law, the application of res judicata (also called claim preclusion) requires "a concurrence of four conditions: 1) [i]dentity in the thing sued upon; 2) [i]dentity of the cause of action; 3) [i]dentity of persons and parties to the action; and, 4) [i]dentity of the quality or capacity of the parties suing or sued." *Stevenson v. Silverman,* 208 A.2d 786, 787–88 (Pa. 1965). The Pennsylvania Supreme Court has held that "a broad view should be taken" of res judicata, and that its application should not be restricted by "technical requirements ... contrived only to obscure the real purpose—a second trial on the same cause between the same parties." *Hochman v. Mortg. Fin. Corp.,* 137 A. 252, 253 (Pa. 1927); *see Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 261 (3d Cir. 2010) ("We take a broad view of what constitutes the same cause of action." (internal quotation marks omitted)). Moreover, res judicata "applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Balent v. City of Wilkes–Barre,* 669 A.2d 309, 313 (Pa. 1995).[3]

A stipulation of discontinuance with prejudice has the same effect as a final judgment on the merits for res judicata purposes. *Estate of Menna v. St. Agnes Medical Center*, 1994 WL 585694, at *4 (E.D. Pa. Sept. 22, 1994); *Samuels v. North Telecom, Inc.,* 942 F.2d 834, 836 (2d Cir.

---

[3] The Court notes that Pennsylvania, New York and federal law on res judicata and collateral estoppel doctrines are substantially the same. *Greenwich Life Settlements, Inc. v. Viasource Funding Grp., LLC,* 742 F.Supp.2d 446, 452–54 (S.D.N.Y. Oct. 4, 2010); *Pike v. Freeman,* 266 F.3d 78, 90 n.14 (2d Cir. 2001); *Sprague v. Cortes,* 223 F. Supp.3d 248, 273 (M.D. Pa. 2016); *Nat'l Mut Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009).

1991). Thus, where parties choose to settle an action and enter into a settlement stipulation with prejudice, that stipulation will bar the settling parties from commencing new litigation arising from the same set of circumstances as the settled case.

In this case, the settlement agreement and dismissal of claims against Yun Ye cannot be the basis of a res judicata or collateral estoppel defense because the Plaintiffs in this action were not plaintiffs in the Philadelphia case. This fact is fatal to Defendant Ye's request. The settlement, which settled the claims of the 48 plaintiffs in that case, did not provide any relief whatsoever to Plaintiffs in this case. Thus, although the Philadelphia action appears to involve the same scheme at issue here, the Plaintiffs in this case are different parties with their own injuries that were not addressed in the Philadelphia action and settlement.[4]

Additionally, the defense of waiver and release is not available to Defendant Yun Ye because the settlement agreement was not between Plaintiffs in this action and Defendant Yun Ye. In other words, Plaintiffs here are not parties to that settlement and therefore did not waive any claims in connection with that settlement.

---

[4] This report and recommendation does not address whether, if a class is certified in this action, the 48 plaintiffs in the Philadelphia action should be excluded from any class—a question that can be addressed, if appropriate, at a later stage in this case.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that Defendant Yun Ye's motion at ECF No. 42 be denied.

Date: April 9, 2025
New York, New York

Respectfully submitted,

_____
KATHARINE H. PARKER
United States Magistrate Judge

## NOTICE

**The parties shall have fourteen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.** *See also* **Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).**

**If any party files written objections to this Report and Recommendation, the opposing party may respond to the objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Abrams. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b);** *Thomas v. Arn***, 474 U.S. 140 (1985).**