

# THE KASEN AND LIU LAW FIRM, PLLC
ATTORNEYS AT LAW

| | |
|---|---|
| LAWRENCE M. KASEN, Member*(retired) | *       Admitted in NY and SC |
| FANG LIU, Member** | **     Admitted in NY and NJ |
| LOUIS HENRY KLEIN (Partner) *** | ***   Admitted in NY and CT |
| ALEKSANDER B. MILCH (Partner)**** | ****  Admitted in NY |
| ROBERT J. ADINOLFI (Partner) **** | ***** Admitted in MO |
| CHENCHEN YAN**** | |
| CHIA-LING LEE***** | |
| JIAYE LIU**** | |

BY CM/ECF                                                                                                        August 29, 2025
Southern District of New York
Attn: Hon. Katherine H. Parker
500 Pearl Street
New York, New York 10007

Re:     *Yang, et al., v. Xu et al.*,
         1:24-cv-5055

Dear Honorable Madam:

      I represent the appearing defendants in this case.  Plaintiffs' attorneys are copied.

      I write to provide an update, in response to the Court's order of August 8th, and in anticipation of the conference which is scheduled on September 3rd.

      In conformity with the Court's order, the following steps have been taken.

      Mr. Louis H. Klein, another attorney at The Kasen and Liu Law Firm, PLLC, will second my efforts.  I have prepared his appearance forms (copies of which are attached hereto), and he is to upload them later today.

      I have been in communication by email with Mr. Times Wang to determine possible dates for depositions of the defendants.  We have scheduled one deposition—that of Mrs. Wenling Wang  I have prepared a chart summarizing the current availability of Mr. Wang, the five remaining defendants, and me, which I have shared with Mr. Wang, and which is attached hereto.

      At the recommendation of Mr. Wang, I have communicated extensively with Mr. Neal McClean of Complete Legal with respect to extracting my clients' WeChat histories.  With the exception of one of my clients, the rest cannot print their WeChat histories due to current technical issues with the respective devices on which they used the application.  I

---

The Honorable Katherine Parker
*Yang et al. v. Xu et al.*
24-cv-5055
August 29, 2025
-Page 2-

have learned from Mr. McClean that WeChat does not keep history stored in its cloud to be restored to any device at will, but, rather that one's WeChat history is tied to the specific device/s through which it was generated. Due to issues with breakage and the memory limitations of their devices, defendants Liu, Wang, Zheng, and Zhou require the services of Complete Legal to produce the rest of their history. Mr. Ye does not have difficulties with his phone, but does not know how to extract his chat history. Based on the problems with access identified by Liu, Wang, Ye, Zheng, and Zhou, Mr. McClean has prepared an estimate of the cost of his company's services, a copy of which is attached. He is willing to contract either with my office or with each of my clients individually. I had thought that it would be best for my office to retain Complete Legal on behalf of our clients. However, the management department of my office has made the decision that each of our individual clients must hire Complete Legal directly. As such, retention should be imminent, but has not yet been accomplished. I am an at will employee at my office, and do not have the authority to bind my office financially or to override financial or work assignment decisions.

      Mrs. Hu has represented to me that she can extract her WeChat history on her own. She produced the same to me by hard copy, as well as electronically. I have produced her WeChat history this morning. The total exceeds 3,000 pages.

      I thank your Honor for your kind attention to this matter.

Respectfully submitted,

Aleksander B. Milch, Esq.

AM/jy
cc:     All Counsel of Record
Enclosures