**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
YANG, et al.,

                                        Plaintiffs,

                    -against-

FEI, et al.,

                                        Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/6/2026__

**24-CV-5055 (RA) (KHP)**

**OPINION AND ORDER**
**ON**
**MOTION FOR ATTORNEYS' FEES**

Plaintiffs Xin "Kelly" Yang and Ting "Susan" Chen ("Plaintiffs") have moved for their attorneys' fees pursuant to Federal Rule of Civil Procedure ("Rule") 37 and the Court's August 8, 2025 Order. (ECF No. 121)  Plaintiffs seek a total of $14,575.00 in fees in connection with their May 16, 2025 motion to compel Defendants Xiaona "Lina" Zhou, Yurong "Mary" Hu, Qilong "Lucy" Liu, Wenling "Abby" Wang, Nan "Lucas" Zheng, and Yun Ye (collectively "Defendants") to fully respond to Plaintiffs' first set of interrogatories and requests for production.  (ECF No. 99)  The Court has already granted the Plaintiffs' motion for attorneys' fees and costs (ECF No. 121, at 24).  Therefore, the task remaining before the Court is determining whether the fees requested are reasonable.

## BACKGROUND

The Court presumes familiarity with the background of this case and includes only those facts relevant to context and this motion.  (ECF No. 121)  Plaintiffs' instant motion for attorneys' fees arises out of Defendants' failure to comply with their discovery obligations regarding Plaintiffs' first set of interrogatories and requests for production served on January 20, 2025.  In response to these discovery requests, on February 19, 2025, Defendants served responses

objecting on various boilerplate grounds including by stating that the requests were "overly broad, unclear, invasive, excessive, seeks confidential financial information, and seeks information which is not relevant."  Defendant provided no documents in response to requests.

On March 17, 2025, Defendants supplemented their discovery responses by providing limited additional information responsive to Document Request No. 7 but produced no additional documents.  The parties subsequently met and conferred on March 27, 2025. During that conference, defense counsel asserted that he was having trouble obtaining information necessary to respond to Plaintiffs' discovery requests, citing his lack of fluency in the relevant Chinese dialect and an excessive workload.  Defendants nevertheless represented that they would provide further supplemental responses prior to the scheduled Court conference on April 8, 2025.  (ECF No. 77)  On April 4, 2025, defense counsel advised Plaintiffs that he required until the end of April to provide additional discovery responses.  Plaintiffs answered by submitting a letter to the Court requesting the imposition of concrete deadlines requiring each represented Defendant to serve individual, complete, and substantive responses to the interrogatories and document requests.  (*Id.*)

Following the April 8, 2025 case management conference, the Court issued an order establishing a firm deadline of May 8, 2025 for Defendants to begin a rolling production of responsive documents – including electronically stored information from WeChat and other platforms.  (ECF No. 82)  The Court further directed the parties to meet and confer regarding any remaining discovery objections and, if those issues could not be resolved, set May 16, 2025 as the deadline for Plaintiffs to file a motion to compel.  (*Id.)*  Although Defendants subsequently produced documents, Plaintiffs were unplacated and believed Defendants'

2

production was inadequate and incomplete.  Because the parties were unable to resolve the outstanding discovery dispute through the meet-and-confer process, Plaintiffs filed a motion to compel on May 16, 2025.  (ECF No. 99)  On August 8, 2025 the Court granted Plaintiffs' motion and found that certain sanctions and warnings were warranted.  Specifically, with regard to the instant motion, the Court granted Plaintiffs' motion for an award of attorneys' fees and costs with bringing the motion to compel and instructed Plaintiff to submit a standalone motion for attorneys' fees and costs, together with "detailed time sheets reflecting work on the motion to compel, and supported by appropriate documentation of rates/experience of counsel." (ECF No. 121, at 24)  Plaintiffs filed the motion now before the Court on August 29, 2025. Defendants filed their opposition on September 12, 2025.  (ECF No. 146)

**LEGAL STANDARD**

A district court exercises "considerable discretion" in awarding attorneys' fees.  *See Millea v. Metro-North R. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable."  *TufAmerica Inc. v. Diamond*, No. 12 Civ. 3529 (AJN), 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016), *reconsideration granted in part*, No. 12 Civ. 3529 (AJN), 2016 WL 3866578 (S.D.N.Y. July 12, 2016), *and on reconsideration in part*, No. 12 Civ. 3529 (AJN), 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)); *Blum*, 465 U.S., at 895 n.11 ("[T]he burden is on the fee applicant to produce satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.")

Attorneys' fees are awarded by determining a presumptively reasonable fee, or a "lodestar," reached by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id.* (citing *Millea*, 658 F.3d at 166); *see also Bergerson v. N.Y. State Office of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011); *see also Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 542 (2010) ("The lodestar approach has 'achieved dominance in the federal courts.'") (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 801, (2002)); *Capitol Records, LLC v. ReDigi Inc.*, No. 12 Civ. 95 (RJS), 2022 WL 3348385, at *1 (S.D.N.Y. Aug. 12, 2022). When evaluating hourly rates, the Court looks at "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson,* 652 F.3d at 289 (internal citations and quotation marks omitted).

The Second Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (internal citation and quotation marks omitted); *see also TufAmerica Inc.*, 2016 WL 1029553, at *5 ("rate must be in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"). Courts in this District also have recognized that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of" a reasonable hourly rate. *In re Stock Exchanges Options Trading Antitrust Litig.*, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006). In determining a reasonable hourly rate, a court must finally "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees," including the

*Johnson* factors.[1]  *Lilly v. City of New York*, 934 F.3d 222, 229-30, 233 (2d Cir. 2019) (emphasis, citation, and internal quotation marks omitted).

When evaluating the reasonableness of hours expended, the Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."  *Haley v.* Pataki, 106 F.3d 478, 484 (2d Cir. 1997) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)).  In determining whether hours are excessive, "the critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Samms v. Abrams*, 198 F.Supp. 3d 311, 322 (S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).  "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application."  *Kirsch v. Fleet St., Ltd*., 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); *accord Alicea v. City of New York,* 272 F. Supp. 3d 603, 608-09 (S.D.N.Y. 2017); *TufAmerica Inc.*, 2016 WL 1029553, at *3; *Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Stevenson Contracting Corp*., No. 05 Civ. 5546, 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) ("[I]t is within the

---

[1] The twelve *Johnson* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d,at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974).

Court's discretion to reduce the requested rate" when the Court finds the rate unreasonable in the relevant market) (citing *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)).

The Court also looks to the nature of the legal matter and reason for the fee award in considering what is a reasonable rate and reasonable time spent on a matter. Complex cases requiring particular attorney skills and experience may command higher attorney rates, as may cases requiring retention of a firm with the resources needed to prosecute a case effectively. *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 187. Likewise, the Court may consider the purpose of the award. *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 633-34 (2d Cir. 2018).

## DISCUSSION

Plaintiffs seek attorneys' fees totaling $14,575.00 which is comprised of the summed individual fees for two attorneys and a law clerk.

### 1. Reasonable Hourly Rates

The individuals who worked on this matter include Alexander Heckscher, Times Wang, and Hugh Brophy. At the outset, the Court observes that none of the individuals seeking fees in this action has provided further detail as to the work they performed on other matters where they were awarded fees. They do not provide any information about whether these other matters share the same subject-matter with the one at issue, whether the fees awarded were pursuant to a discovery dispute, whether any of these matters were from this District, or when they participated in these other matters. Nor do the individuals provide standalone billing records or official timesheets from their respective law firms. However, they each submit

6

charts within their individual declarations that include dates, hours worked, and a narrative description of the work performed.

Heckscher and Wang, both principals of their own respective practices and attorneys with between fourteen and fifteen years of experience in commercial litigation, each seek an hourly rate of $500.00.  "Courts assessing attorneys' fees in complex commercial litigation cases . . . in this District have deemed reasonable hourly rates of $200 to $495 for partners." *Bisnow LLC v. Lopez-Pierre*, No. 20 Civ. 3441 (PAE) (SLC), 2022 WL 17540573, at *22 (S.D.N.Y. Nov. 2, 2022) (collecting cases), *report and recommendation adopted*, No. 20 Civ. 3441 (PAE) (SLC), 2022 WL 17540349 (S.D.N.Y. Dec. 5, 2022); *Douglas v. Anthem Prods., LLC,* No. 18 Civ. 5789 (GWG), 2020 WL 2631496, at *3 (S.D.N.Y. May 26, 2020) (collecting cases);  *Euro Pac. Cap. Inc. v. Bohai Pharms. Grp., Inc.*, No. 15 Civ. 4410 (VM), 2018 WL 1596192, at *9 (S.D.N.Y. Mar. 28, 2018) (awarding  rates of $375 for attorneys with 30 to 40 years' experience); *Rubenstein v. Advanced Equities, Inc.*, No. 13 Civ. 1502 (PGG), 2015 WL 585561, at *6-7 (S.D.N.Y. Feb. 10, 2015) (finding hourly rate of $525 reasonable for partners with between 20 and 30 years' experience and "blended" rate of $350 reasonable for associates with experience ranging from one to nine years).  Because the fees relate to filing a motion to compel, which is neither particularly complex nor unusually difficult, the Court finds that the requested hourly rates of $500 for each are on the higher side relative to other rates awarded in this District and given the fact that neither Heckscher nor Wang have over twenty years of experience.  The Court, therefore, reduces both attorney rates to $400.00 per hour.  *See Karsch v. Blink Health Ltd*., No. 17 Civ. 3880 (VM) (BCM), 2019 WL 6998563, at *3 (S.D.N.Y. Dec. 20, 2019) (reducing hourly rates of attorneys for work performed on discovery matters); *see also Underdog Trucking, L.L.C.*

*v. Verizon Serv.'s Corp.*, 276 F.R.D. 105, 110 (S.D.N.Y. July 14, 2011) (taking into consideration the years of experience a partner had in the calculation of fees); *Access 4 All, Inc. v. Hi 57 Hotel, LLC*, No. 04 Civ. 6620 (GBD) (FM), 2006 WL 196969, at *2 (S.D.N.Y. Jan. 26, 2006) (taking into account "the novelty and difficulty of the questions" for which fees are sought).

Brophy, who is not an attorney, avers that his rate is reasonable for a junior associate in this District. However, while Brophy may have met the qualifications for admission to the New York Bar, because he is not yet licensed to practice, courts have repeatedly held that the rate of someone similarly situated must be juxtaposed with that of other law clerks and paraprofessionals of similar experience rather than to the rate of junior associates as Plaintiffs request. S*ee Missouri v. Jenkins,* 491 U.S. at 277, 284 (1989) (Supreme Court referred to law clerks and paralegals collectively as paralegals); *De La Cruz Rosas v. Just Salad 60 Third LLC*, No. 18 Civ. 7342 (JGK) (BCM), 2023 WL 5423982, at *10 (S.D.N.Y. Aug. 4, 2023) (finding that the work performed by an individual before they were admitted to the bar cannot be commensurate with that awarded to a junior associate who is admitted to practice), *report and recommendation adopted*, No. 18 Civ. 7342, 2023 WL 5390985 (S.D.N.Y. Aug. 22, 2023); *see also Hong v. Mito Asian Fusion, Inc.,* No. 19 Civ. 3149 (TAM), 2023 WL 3092722, at *5 (E.D.N.Y. Apr. 26, 2023) (declining to grant a $250 hourly rate for an individual who was an unlicensed attorney at the time the billable hours were recorded); *LG Cap. Funding, LLC v. 5Barz Int'l, Inc.*, No. 16 Civ. 2752 (KAM) (JO), 2019 WL 3082478, at *2 (E.D.N.Y. July 15, 2019) (reducing the hourly rate award from $250 to $85 for attorneys who billed time for work done as unadmitted law clerks).

Brophy declares that his rate of $250.00 per hour is consistent with his billing rates in other matters.[2] (Brophy Decl., at ¶ 6) However, "[w]ith respect to the hourly rate for paralegals in commercial litigation, courts in this District generally award between $150 to $250." *Bisnow*, 2022 WL 17540573, at *23 (collecting cases); *Vista Outdoor Inc. v. Reeves Fam. Tr.*, No. 16 Civ. 5766, 2018 WL 3104631, at *7 (S.D.N.Y. May 24, 2018) ("[C]ourts in this District typically award rates not to exceed $200 per hour for paralegals."); *TufAmerica Inc. v. Diamond*, No. 12 Civ. 3529 (AJN), 2016 WL 1029553, at *6 (S.D.N.Y. Mar. 9, 2016) (reducing hourly rate for junior paralegals to $150)

The Court's decision in *Shnyra v. State St. Bank & Trust Co., Inc.*, is apropos. No. 19 Civ. 2420 (GHW), 2021 WL 4975637 (S.D.N.Y. Oct. 25, 2021). There the Court found that a paralegal, who requested $200.00 per hour for work performed on a motion to compel discovery was not entitled to that figure. As a result, the Court reduced that individual's rate to $100 an hour. However, the instant case is somewhat distinguishable in that unlike for the paraprofessional in *Shnyra*, for whom no background information was provided, Plaintiffs have provided information (albeit very limited background information) about Brophy – specifically, that he received his LLB from Durham University in 2022, his LLM from Boston College in 2023, and that he passed the bar exam in New York. (ECF No. 121, at 24)

Insofar as Brophy has a legal education but is not yet admitted, the Court treats him as a law clerk. As a law clerk, the Court finds that a rate of $200 per hour is appropriate given the passage of time, his legal education, and the complexity and importance of the work he

---

[2] Plaintiffs fail to provide any information in support of this assertion, specifically, Brophy does not provide appropriate citations or records of the awards from the cases referenced.

performed. *See Fair Hous. Justice Ctr. v. Pelican Mgmt., Inc.,* No. 18 Civ. 1564 (ER), 2025 WL 965129, at *4 (S.D.N.Y. Mar. 31, 2025) (finding that an hourly rate of $200 for paralegals' work is reasonable given that the work was "substantive, extensive, and indispensable."); *Rosario v. City of New York*, No. 18 Civ. 4023 (LGS) (SDA), 2023 WL 2908655, at *9 (S.D.N.Y. Jan. 27, 2023) (awarding an hourly rate of $200 for paralegals).

Accordingly, this Court reduces the hourly rates of Wang and Heckscher from $500.00 per hour to $400.00 per hour and reduces the rate for Brophy from $250.00 per hour to $200.00 per hour.

### 2. Reasonable Hours Expended

"After determining a reasonable hourly rate, the Court multiplies 'that rate by the number of hours reasonably expended to determine the presumptively reasonable fee.'" *Fleetwood Serv.'s, LLC v. Ram Cap. Funding, LLC*, No. 20 Civ. 5120 (LJL), 2023 WL 112429, at *4 (S.D.N.Y. Jan. 5, 2023) (quoting *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019)). "[A]ny attorney ... who applies for court-ordered compensation in this Circuit ... must document the application with contemporaneous time records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). If the hours are deemed "excessive, redundant, or otherwise unnecessary," by the court, it should exclude them from its lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). But, "[t]here is no precise rule or formula for making these determinations." *Id*. at 436. Because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," *Carey*, 711 F.2d at 1146, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a

10

practical means of trimming fat from a fee application,' " *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Carey*, 711 F.2d at 1146).

Plaintiffs request compensation for 8.4 hours for Heckscher, 11.2 hours for Wang, and 19.1 hours for Brophy.  As stated prior, the fee requests are supported by time records, incorporated within declarations, that itemize, by individual timekeeper, the hours claimed and provide descriptions of the work performed.  Defendants, in response, contend generally that Plaintiffs' stated hours should be rejected by the Court because they are excessive, redundant, unnecessary, and generated for the sole purpose of running up oppression of Defendants.  They also claim that Plaintiffs' motion makes no effort to segregate the time attributable to work on document demands as opposed to interrogatories, provides only vague descriptions of the work performed, and that certain tasks were performed after the motion to compel had been filed – consequently Defendants request that the time expended on each task be reduced by at least fifty percent.

Per Heckscher's declaration, his time was spent monitoring and coordinating the discovery dispute and related meet-and-confer process, including reviewing the status of discovery, communicating with opposing counsel, and exchanging internal emails regarding scheduling and compliance issues. He also billed for and participated in meet-and-confer discussions, provided instructions to colleagues regarding required correspondence and motion-related deadlines, and reviewed materials related to the motion to compel.

The record reflects that the bulk of drafting and substantive preparation of the motion to compel was, in fact, delegated to Brophy, with Heckscher and Wang primarily reviewing and instructing rather than drafting.  Additionally, this Court did not award fees in connection with

11

the normal discovery back-and-forth preceding the motion to compel, rather, it awarded attorneys' fees and costs associated with time spent on the motion to compel. In other words, time spent preparing discovery requests and responses, reviewing objections and engaging in the meet-and-confer process are not tasks that this Court found should be part of the fees and costs awarded. The meet-and-confer process mandated by the Rules is designed to avoid motions to compel, and parties are supposed to cooperate in good faith in that process to avoid the necessity of a Rule 37 motion. Accordingly, the only time this Court will consider is time spent preparing for the Rule 37 conference and preparation of the Rule 37 motion.

Having carefully reviewed the billing descriptions, and based upon my familiarity with this matter, I find that the number of hours expended by Plaintiffs on the motion to compel is excessive. Given the deficiencies listed above, a meaningful line-item reduction is warranted in Heckscher's hours. On March 17, March 20, March 27, March 31, April 2, and May 4, Heckscher billed a total of 2.3 hours for tasks that included reviewing objections as well as preparing and engaging in the meet-and-confer process. Per the above, those entries will not be considered. Heckscher billed 8.4 hours total , however, after the reduction detailed above the Court reduces his hours to 6.1 hours.

Wang declares that he spent 11.2 hours for tasks related to Plaintiffs' motion to compel. Similarly to Heckscher, on April 7, April 8, May 1, May 5, and May 7, Wang billed a total of 3.0 hours for time spent analyzing discovery responses, orders, and issues and the April 7 entry is divorced from the core work that led to the partially successful motion to compel. Those entries will not be considered. Accordingly, the Court finds that a reduction to 8.2 hours for his work would be reasonable.

Finally, Brophy billed 19.1 hours for his work on the motion to compel.  Though Brophy performed the lion's share of the substantive work on the motion to compel, several of his time entries share identical deficiencies to Heckscher's and Wang's.  His entries for February 25, March 12, April 7, and May 6 total 3.7 hours and relate to the meet-and-confer process or the review of discovery.  Those entries, therefore, will not be considered.   Thus, the Court awards Brophy 15.4 hours for the work performed that is directly related to the motion to compel.  Any further concern about Brophy's status as a non-attorney is addressed through the reduction of his hourly rate, not by additional pruning of his hours.

At bottom, the Court awards Heckscher 6.1 hours, Wang 8.2 hours, and Brophy 15.4 hours for their work in preparing and successfully prosecuting Plaintiffs' motion to compel.  This reflects a total of 29.7 hours spent prosecuting the motion to compel – a figure that is in line with hours spent by similarly situated cases in this district seeking fees for a motion to compel. *See, e.g., Banco Cent. Del Para. v. Para. Humanitarian Found., Inc.*, No. 01 Civ. 9649(JFK), 2007 WL 747814, at *2-3 (S.D.N.Y. Mar. 12, 2007) (finding reasonable 21 hours expended by three attorneys on motion to compel discovery and impose sanctions); *Rengifo v. Erevos Enter.'s, Inc.*, No. 06 Civ. 4266 (SHS) (RLE), 2008 WL 2229840, at *2 (S.D.N.Y. May 27, 2008) (finding that a request for 13 hours for work performed on a motion to compel was objectively reasonable).

### 3. The Lodestar

The Court calculates the lodestar based on its findings in the chart that follows:

| Name | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Alexander Heckscher | $400.00 | 6.1 | $2,440.00 |
| Times Wang | $400.00 | 8.2 | $3,280.00 |
| Hugh Brophy | $200.00 | 15.4 | $3,080.00 |
| TOTAL | $296.30[3] | 29.7 | $8,800.00 |

### 4. Interest

Post-judgment interest is mandatory pursuant to 28 U.S.C. § 1961. *See Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151(DLC), 2013 WL 5951162, at *2 (S.D.N.Y. Nov. 1, 2013). Post-judgment interest is therefore awarded at the statutory rate calculated by the Clerk of the Court pursuant to 28 U.S.C. § 1961.

**CONCLUSION**

For the reasons set forth above, Plaintiffs are awarded $8,800 in attorneys' fees pursuant to Rule 37. Plaintiffs are also awarded post judgment interest consistent with 28 U.S.C. § 1961.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 134.**

---

[3] Reflects a blended hourly rate that was not used by the Court in its calculations.

**SO ORDERED.**

Dated:          January 6, 2026
                New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge