UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIN "KELLY" YANG and TING "SUSAN" CHEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHUWEN XU (also known as "A FEI" and "THE BOSS"), SHUYUN CHEN, YU "RITA" CHEN, YUEZHU DU, YURONG "MARY" HU, YUXIA HU, XUE "LINDA" LIN, QILONG "LUCY" LIU, LIJUN OUYANG, JINGYI SHEN, WENLING "ABBY" WANG, YUN YE, NAN "LUCAS" ZHENG, XIAONA "LINA" ZHOU, LEI "ANDY" ZHU, ASZ SUPPLY LLC, AND DOE DEFENDANTS 1-100,<br><br>Defendants. | Case No. 1:24-cv-05055-RA-KHP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS JINGYI SHEN AND LEI ZHU**

1

## INTRODUCTION

Plaintiffs, by and through their undersigned counsel, respectfully submit this motion pursuant to Federal Rule of Civil Procedure 4(e)(1) and N.Y. C.P.L.R. § 308(5), seeking an order permitting service of process on Defendants Jingyi Shen and Lei "Andy" Zhu (1) by email to addresses they voluntarily registered with Georgia's statutory electronic service system, and (2) by publication. Despite diligent efforts, Plaintiffs have been unable to serve Defendants through traditional means.

Critically, this Court need not rely solely on Plaintiffs' failed service attempts: six Georgia Magistrate Courts have already found, based on sworn affidavits, that these same Defendants "avoided service" in related litigation, and authorized service by publication. Those publication notices appeared in the Forsyth County News in May and June 2023. The underlying proceedings resulted in default judgments that remain unsatisfied. Moreover, Defendants subsequently registered for Georgia's electronic filing system pursuant to O.C.G.A. § 9-11-5(f) and provided email addresses for receipt of legal documents, demonstrating that email service is reasonably calculated to provide them actual notice. Alternative service is warranted.

## FACTUAL BACKGROUND

### A. The Underlying Litigation

This case arises from allegations involving the HomeX enterprise, a massive Ponzi scheme that defrauded Chinese-speaking consumers of at least $10 million. Defendants Shen and Zhu were administrators of the scheme, soliciting deposits from victims and receiving funds through ASZ Supply LLC, a company they jointly owned and managed. *See* Amended Complaint ¶¶ 33-35, ECF No. 114.

### B. Plaintiffs' Service Attempts on Defendants Shen and Zhu

Plaintiffs have made multiple documented attempts to serve Defendants at two addresses:

*1. 570 Marylebone Drive, Suwanee, Georgia 30024*

On July 31, 2024, at 5:45 PM EDT, a process server attempted service at this address. The current resident, Mrs. Chapra, informed the process server that Defendants are the owners of the house but do not reside there. Mrs. Chapra was unable to provide a forwarding address.

Property records confirm that Defendant Zhu is the sole owner of this property. *See* Exhibit A (Forsyth County Property Records). Defendants Shen and Zhu purchased the property jointly on July 20, 2021 for $550,000, with a $376,000 mortgage. The mortgage documents required the property to be used as the borrowers' "principal residence." In February 2023, shortly after the HomeX scheme collapsed, Defendant Shen conveyed her interest in the property to Defendant Zhu via Limited Warranty Deed. *Id.*

*2. 3020 E Mesa Drive, West Covina, California*

A skip trace investigation conducted on August 21, 2024 revealed a potential address at 3020 E Mesa Drive, West Covina, California. Multiple service attempts were made at this location:

- September 26, 2024, 3:50 PM: No answer; car present in driveway.
- September 28, 2024, 2:02 PM: No answer; no visible mail.
- September 30, 2024, 2:24 PM: No response.
- October 3, 2024, 10:03 AM: A resident stated service was not permitted and indicated the subjects were "out of the country." A neighbor did not recognize the Defendants' names. The resident further indicated this was not the Defendants' primary residence.

3

- October 4, 2024, 12:04 PM: The resident again confirmed Defendants were out of the country.

*See* Exhibit B (Affidavits of Service Attempts).

**C. Six Georgia Courts Found That These Defendants "Avoided Service" and Authorized Service by Publication**

Plaintiffs' service difficulties are not unique. In May and June 2023, six separate Georgia Magistrate Courts authorized service by publication on these same Defendants after plaintiffs in those cases verified by sworn affidavit that Defendants "avoided service of the statement of claim." The resulting publication notices appeared in the Forsyth County News (Midweek Edition, June 21-22, 2023, at 8B):

| Case No. | Plaintiff | First Publication Date |
| --- | --- | --- |
| 23MGC-0452 | Xin Yang | May 17, 2023 |
| 23MGC-0472 | Zhouyang Ni | May 17, 2023 |
| 23MGC-0647 | Lianfang Chen | May 10, 2023 |
| 23MGC-0717 | Li Zang | May 17, 2023 |
| 23MGC-0762 | Yuanxiang Lin | May 10, 2023 |
| 23MGC-0783 | Chuangchuang Pang | May 17, 2023 |

*See* Exhibit C (Publication Notices from Forsyth County News, Midweek Edition, June 21-22, 2023, at 8B).

Each publication notice states: "It is further verified by Affidavit, the defendants avoided service of the statement of claim."

The underlying claims in each of those Georgia cases alleged that "Jingyi Shen, Lei Zhu and the associated company entitled with ASZ Supply LLC failed to return the deposit to the

4

plaintiff within 90 days from delivery, which breached the written agreement." This is the same pattern of fraudulent conduct at issue in this case.

All six cases resulted in default judgments against Defendants on September 11, 2023. Defendant Shen filed motions to appeal, which were denied in November 2023 because '[n]o appeal shall lie from a default judgment' under Georgia law. O.C.G.A. § 15-10-41. *See* Exhibit D (Orders on Motion to File an Appeal dated November 16, 2023).

### D. Defendants Voluntarily Registered for Statutory Electronic Service in Georgia

Despite their evasion of personal service, Defendants subsequently registered for Georgia's statutory electronic service system and provided email addresses for receipt of court documents pursuant to O.C.G.A. § 9-11-5(f). The chronology of the Georgia litigation demonstrates that Defendants were fully aware of claims against them and affirmatively chose electronic service as their preferred method of receiving legal documents.

**September 11, 2023**: Default judgments were entered against Defendants in all six Georgia cases.

**October 24, 2023**: After defaulting, Defendant Jingyi Shen filed motions to appeal the default judgments. In connection with filing those motions, Defendants registered for Georgia's electronic filing system (Tyler Technologies) and provided the following email addresses for statutory electronic service:

Jingyi Shen:

- SUKIE416@gmail.com
- nyc2017aor@gmail.com
- asz.supply@gmail.com

Lei Zhu:

- susie.waller@gmail.com[1] (also appears as suzie.waller@gmail.com)

**November 17, 2023**: In at least three of the six cases (23MGC-0717, 23MGC-0472, and 23MGC-0783), the Georgia courts denied Defendants' motions to appeal, holding that "there is no right to appeal a default judgment under Georgia law." See Exhibit D (Orders on Motion to File an Appeal dated November 16, 2023). The courts served these orders at Defendants' registered email addresses pursuant to O.C.G.A. § 9-11-5(b), which defines "delivery of a copy" to include "transmitting a copy via email in portable document format (PDF) to the person to be served using all email addresses provided pursuant to subsection (f) of this Code section and showing in the subject line of the email message the words 'STATUTORY ELECTRONIC SERVICE' in capital letters." The service notifications confirm successful delivery to each email address with the subject line "STATUTORY ELECTRONIC SERVICE" as required. See Exhibit E (Statutory Electronic Service Notifications, November 17, 2023). There is no indication that any emails bounced or failed delivery.

**To present**: Defendants have provided no notice of changed email addresses. The default judgments remain final, and writs of fieri facias totaling approximately $75,000 remain unsatisfied.

This timeline is significant. Defendants' registration for electronic service occurred **after** they had evaded personal service in six separate cases, **after** service by publication had been authorized, and **after** default judgments had been entered against them. Their voluntary registration demonstrates they were fully aware of litigation concerning their ASZ Supply LLC

---

[1] The email address for Defendant Lei Zhu appears in court filings as both "susie.waller@gmail.com" and "suzie.waller@gmail.com." Defendants appeared pro se in the Georgia proceedings. Regardless of whether this email address belongs to Defendant Zhu or another individual, Defendant Zhu registered this address with the Georgia courts for receiving legal documents pursuant to O.C.G.A. § 9-11-5(f) and bears statutory responsibility for ensuring its continued accuracy. O.C.G.A. § 9-11-5(f)(3).

6

activities and the alleged pattern of failing to return deposits. Their successful receipt of court documents at these email addresses confirms that email service to these addresses is reasonably calculated to provide actual notice.

Under Georgia law, "[a] person to be served may consent to being served with pleadings electronically" by filing a notice of consent or by including email addresses in court filings. O.C.G.A. § 9-11-5(f)(1). Critically, the statute provides that "[i]f a person to be served agrees to electronic service of pleadings, such person to be served bears the responsibility of providing notice of any change in his or her email address or addresses." O.C.G.A. § 9-11-5(f)(3). By registering for electronic service, Defendants represented to the Georgia courts that these email addresses were valid and reliable means of receiving legal documents. They bear "the responsibility of providing notice of any change" to those addresses. There is no indication that Defendants have provided any such notice of changed addresses. Moreover, given that Defendants are married to each other and jointly owned and operated ASZ Supply LLC, service to email addresses registered by either defendant would be reasonably calculated to reach both.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

N.Y. C.P.L.R. § 308 sets forth the methods of personal service upon a natural person in New York. Subsections (1) through (4) provide for personal delivery, substituted service, service upon a designated agent, and "nail and mail" service, respectively. N.Y. C.P.L.R. § 308(1)-(4). Subsection (5) provides that service may be made "in such manner as the court, upon

motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." N.Y. C.P.L.R. § 308(5).

The method ordered under C.P.L.R. § 308(5) must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Courts have broad discretion to authorize alternative service methods, including email, where such methods are likely to reach the defendant. In *FTC v. PCCare247, Inc.*, No. 12 Civ. 7189 (PAE), 2013 U.S. Dist. LEXIS 31969 (S.D.N.Y. Mar. 7, 2013), the Southern District of New York authorized service by email and Facebook on defendants in India who operated an internet-based business. The court held that "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Id.* at *12. The court found email service appropriate where the plaintiff identified email addresses "demonstrably used" by defendants, and where there was "independent confirmation that at least one of these email accounts was recently in use." *Id.* at *13-14.

The *PCCare247* court emphasized that alternative service "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process." *Id.* at *7 (quoting *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)). *Accord Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[Rule 4(f)(3)] is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.").

Service by publication, while disfavored, may be appropriate where other methods have failed. As the Supreme Court observed in *Boddie v. Connecticut*, service by publication is "the method of notice least calculated to bring to a potential defendant's attention the pendency of

judicial proceedings." 401 U.S. 371, 382 (1971). However, where combined with other methods reasonably likely to provide actual notice, publication may serve as a useful supplement.

Federal Rule of Civil Procedure 4(e)(1) permits service under the law of either "the state where the district court is located or where service is made." Because Plaintiffs have demonstrated that the proposed service methods satisfy New York law under C.P.L.R. § 308(5), no additional showing under Georgia law is required. Nevertheless, the requested methods are equally permissible under Georgia law. O.C.G.A. § 9-11-4(j) authorizes courts to "prescribe service according to the exigencies of each case, consistent with the Constitution," and § 9-11-4(f)(1)(A) expressly permits service by publication when a defendant "conceals himself or herself to avoid the service of the summons."

## ARGUMENT

### I. Traditional Service Methods Are Impracticable

The facts establish that traditional service methods under C.P.L.R. § 308(1), (2), and (4) are impracticable.

**Personal service under § 308(1)** requires "delivering the summons within the state to the person to be served." N.Y. C.P.L.R. § 308(1). Personal service has been attempted at two addresses over multiple occasions without success. Defendants do not reside at their Georgia property (now occupied by tenants), and residents at the California address indicated it was not Defendants' primary residence and that Defendants were "out of the country."

**Substituted service under § 308(2)** requires delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served." N.Y. C.P.L.R. § 308(2). Because Defendants do not reside at either known address and their current dwelling is unknown, substituted service is unavailable.

**Nail and mail service under § 308(4)** is available only "where service under paragraphs one and two cannot be made with due diligence" and requires "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served." N.Y. C.P.L.R. § 308(4). This method is unavailable because Plaintiffs have no known dwelling or place of business for Defendants within the state.

**Defendants may be abroad.** A resident at the California address stated Defendants were "out of the country," consistent with the pattern of other HomeX enterprise members (including the ringleader, Chuwen Xu, a/k/a A Fei) who have fled to China. *See* Amended Complaint ¶ 14.

These circumstances, combined with six Georgia courts' findings that Defendants "avoided service," establish that further attempts at traditional service would be futile.

## II. Email Service to Defendants' Statutory Electronic Service Addresses Is Reasonably Calculated to Provide Notice

Unlike typical cases where plaintiffs must demonstrate that email addresses are likely to reach defendants, here Defendants *voluntarily registered* these email addresses for receipt of legal documents through Georgia's statutory electronic service system pursuant to O.C.G.A. § 9-11-5(f).

This case presents even stronger facts than *PCCare247*. There, the court authorized email service because the defendants "ran an internet-based business and used email frequently for communication," and the plaintiff had "identified email addresses for each individual defendant" that were "demonstrably used for various tasks." 2013 U.S. Dist. LEXIS 31969, at *13. Here, Defendants did not merely use email for business—they affirmatively registered these specific email addresses with a court system for the express purpose of receiving legal documents, thereby consenting to electronic service under Georgia law.

Georgia's statutory framework reinforces this conclusion. Under O.C.G.A. § 9-11-5(f)(1), a person "consent[s] to being served with pleadings electronically" by providing email addresses to the court. Once a person consents, that person "bears the responsibility of providing notice of any change in his or her email address or addresses." O.C.G.A. § 9-11-5(f)(3). Defendants registered these addresses, received legal documents at these addresses (as confirmed by the November 2023 service notifications), and have not provided notice of any change. Under Georgia law, these addresses remain valid for service.

The statutory electronic service notifications from November 2023 confirm that:

1. Defendants registered for Georgia's e-filing system pursuant to O.C.G.A. § 9-11-5(f);
2. Defendants provided these specific email addresses for receipt of court documents;
3. Court documents were successfully delivered to these addresses with the subject line "STATUTORY ELECTRONIC SERVICE" as required by O.C.G.A. § 9-11-5(b); and
4. There is no indication the emails bounced or failed.

Under *PCCare247*, this is more than sufficient to demonstrate "a high likelihood that defendants will receive and respond to emails sent to these addresses." *Id.* at *14.

Defendants' voluntary registration for statutory electronic service undermines any argument that they lack access to email or that email service would be constitutionally inadequate. They have demonstrated, through their own conduct and representations to the Georgia courts, that email is their preferred method of receiving legal communications.

### III. Six Georgia Publication Orders Establish a Pattern of Evasion Warranting Alternative Service

The six Georgia publication orders are significant for two reasons.

*First*, they establish based on sworn affidavits reviewed by six separate courts that Defendants have a documented pattern of avoiding service. These are not mere allegations; they are judicial determinations that authorized service by publication after finding that Defendants "avoided service of the statement of claim." The resulting publication notices appeared in the Forsyth County News (Midweek Edition, June 21-22, 2023, at 8B). This Court need not require Plaintiffs to repeat the same failed efforts that led six other courts to authorize publication service.

*Second*, they demonstrate the futility of conventional service methods. Service by publication is a method of last resort, authorized only when other methods have proven unavailing. *See Mullane*, 339 U.S. at 315. When six courts reach that conclusion for the same defendants in the span of two months, it establishes that these Defendants are actively evading service, not merely difficult to locate.

### IV. Service by Publication Provides Additional Assurance of Notice

Plaintiffs also request authorization to serve Defendants by publication. While publication alone is disfavored, it serves as an important supplement to email service here for several reasons:

1. It mirrors the method already approved by six Georgia courts for these same Defendants in related litigation arising from the same fraudulent scheme.
2. It provides a public record of Plaintiffs' efforts to provide notice.
3. Combined with email service, it maximizes the likelihood of actual notice.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order authorizing service of process on Defendants Jingyi Shen and Lei "Andy" Zhu by the following methods:

1. **Email** to each of the following addresses:

    - SUKIE416@gmail.com
    - nyc2017aor@gmail.com
    - asz.supply@gmail.com
    - susie.waller@gmail.com
    - suzie.waller@gmail.com

2. **Publication** in a newspaper of general circulation in Forsyth County, Georgia (the Forsyth County News), once per week for four consecutive weeks.

Date: January 7th 2025

/s/Alexander Heckscher
Alexander Heckscher
LAW OFFICES OF
 ALEXANDER HECKSCHER, ESQ.
305 Broadway
7th Floor, Suite 88
New York, NY 10007
(212) 323-6895
alex@heckscherlaw.com

Times Wang (pro hac vice)
FARRA & WANG PLLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 505-6227
twang@farrawang.com

*Counsel for the Plaintiffs*