```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED:___1/15/2026___
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

YANG, et al.,

                        Plaintiffs,

            -against-

FEI, et al.,

                        Defendants.

-----------------------------------------------------------------X

**24-CV-5055 (RA) (KHP)**

**<u>OPINION AND ORDER</u>**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On July 3, 2024, Plaintiffs Xin "Kelly" Yang and Ting "Susan" Chen on behalf of themselves and those similarly situated (collectively "Plaintiffs") filed a complaint against Defendants A Fei, Shuyun Chen, Yu "Rita" Chen, Yuezhu Du, Yurong "Mary" Hu, Yuxia Hu, Xue "Linda" Lin, Qilong "Lucy" Liu, Lijun Ouyang, Jingyi Shen, Wenling "Abby" Wang, Yun Ye, Nan "Lucas" Zheng, Xiaona "Lina" Zhou, Lei "Andy" Zhu, ASZ Supply Inc., and Doe Defendants 1-100 (collectively "Defendants") alleging racketeering and racketeering conspiracy in violation of 18 U.S.C. §§ 1962(c), 1964(c) with underlying offenses of mail/wire fraud in violation of 18 U.S.C. §§ 1341,1343 and money laundering in violation of 18 U.S.C. § 1956. These claims stem from an alleged Ponzi scheme involving the HomeX enterprise, which purportedly defrauded Chinese-speaking customers of the enterprise of at least $10 million. Plaintiffs seek to certify a class of individuals injured by the scheme pursuant to Federal Rule of Civil Procedure ("Rule") 23.  They further seek compensatory and punitive damages, injunctive relief, and attorneys' fees.  (ECF No. 3)

On January 7, 2026, Plaintiffs filed the present Motion for Alternative Service on Defendants Jingyi Shen ("Shen") and Lei "Andy" Zhu ("Zhu"), who they have not been able to

serve up to now.  (ECF No. 168)  In support of their motion, Plaintiffs filed a memorandum of law ("Pl. Mem.") requesting an order permitting service by (1) email to the addresses Shen and Zhu voluntarily registered with Georgia's electronic service system, and (2) publication. Plaintiffs also filed a declaration of Alexander Heckscher along with supporting exhibits including affidavits of failed service attempts.  (ECF Nos. 170, 170-1-5)  For the reasons stated herein, Plaintiffs' motion is GRANTED in part.

## BACKGROUND

The parties' familiarity with the facts is assumed, and they are recounted here only as necessary to provide context to the instant motion.  Plaintiffs claim that Shen and Zhu, a married couple, were the alleged Ponzi scheme's administrators (ECF No. 3, at n.6), who solicited deposits from victims and received funds through ASZ Supply LLC, an internet-based company organized under the laws of New Jersey that they jointly owned and managed.  (*Id.,* at ¶ 33)  On July 31, 2024, a process server attempted to serve Shen and Zhu via personal service at what they believed to be Shen and Zhu's home in Suwanee, Georgia.  The current resident at that address informed the process server that Shen and Zhu were the owners of the house, but that they did not reside there.  (ECF No. 170-2, at 5)  Through a search of property records, Plaintiffs confirmed that Zhu is the sole owner of the Georgia property which was purchased on July 20, 2021.  (ECF No. 170-1, at 2, 3)  The property records and mortgage documents further reveal that Shen and Zhu purchased the property jointly (*Id.,* at 2, 14) and required that the house be used as Shen's and Zhu's "principal residence. . . for at least one year after the date of

occupancy." (*Id.,* at 19)  By February 2023, Shen conveyed her interest in the property to Zhu via Limited Warranty deed.  (*Id.,* at 12)

Plaintiffs then conducted a skip trace investigation in order to locate an alternative address to serve Shen and Zhu.  The investigation revealed an address in West Covina, California associated with Shen and Zhu.  Multiple personal service attempts were made at this address to no avail.  (ECF No. 170-2)  A resident at this address also informed the process server that Shen and Zhu were out of the country.  (*Id.*)  Plaintiffs have not indicated what steps, if any, they took to find a foreign address for Shen and Zhu.

Prior to service being attempted in this action, in May and June, 2023, six separate Georgia courts authorized service by publication on Shen and Zhu after the Plaintiffs in those cases averred that they were not able to serve them by traditional means.  (Pl. Mem., at 4-5) All six of those cases against Shen and Zhu in Georgia resulted in default judgments in September 2023, which Shen and Zhu later appealed.  (ECF No. 170-4)  As part of their appeal, which was denied in November 2023, Shen and Zhu registered for the Georgia court's electronic filing system and provided email addresses for electronic service pursuant to O.C.G.A. § 9-11-5(f).  (Pl. Mem., at 5-6)  Shen and Zhu have not noticed a change of physical or email addresses to the Georgia court.

### LEGAL STANDARD

The instant motion was brought pursuant to Federal Rule of Civil Procedure 4(e) ("Rule 4") and N.Y. C.P.L.R. § 308.  Federal Rule of Civil Procedure ("Rule") 4(e) governs service for individuals within the United States.  Rule 4(e)(1) allows for service by "following state law for

serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1)

Ordinarily in New York, service must be attempted through one of the methods enumerated in 308(1) and (2), which contemplate personal delivery to the defendant or delivery at the defendant's "dwelling place" or "actual place of business." N.Y. C.P.L.R. 308(1)-(2). Where those initial methods cannot be accomplished despite diligent efforts, 308(4) allows for so-called "nail and mail" service, requiring the summons to be affixed to the door of the defendant's residence or place of business and followed by mailing to the defendant's last known residence or business address. N.Y. C.P.L.R. 308(4).

New York law authorizes courts to permit nontraditional methods of service – such as electronic service – when conventional means are "impracticable." N.Y. C.P.L.R. 308(5). While the term "impracticable" is not rigidly defined, courts generally require a factual showing that the plaintiff made genuine efforts to complete service using the CPLR's standard methods and that those efforts were unsuccessful or infeasible. *See Avail 1 LLC v. Kalsi,* No. 23 Civ. 1641, 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023). "[P]laintiff must, for each of the three traditional methods of service, set forth factual allegations to establish, for example, what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances." *Id*.

New York law also provides for service by publication in appropriate cases. *See* N.Y. C.P.L.R. 316. "The Second Circuit has noted that publication notice is particularly appropriate

where ... there are indications that a defendant has engaged in 'deliberate avoidance and obstruction' to prevent service from being effected." *See Urbont v. Sony Music Ent.*, No. 11 Civ. 4516, 2012 WL 1592519, at *3 (S.D.N.Y. May 4, 2012) (citing *SEC v. Tome*, 833 F.2d 1086, 1092 (2d Cir. 1987)). Resorting to court-directed alternative service is appropriate only after these statutorily prescribed avenues are shown to be impracticable under the circumstances. *Tantaros v. Fox News Network, LLC*, 2025 WL 2237407 (S.D.N.Y. Aug. 5, 2025).

**DISCUSSION**

Plaintiffs attempted personal service on both Shen and Zhu at the properties they own in California and Georgia. (ECF Nos. 170-1, 170-2) However, neither defendant was at either address when personal service was attempted. (ECF No. 170-2) At the California address, the current resident reported that the Defendants were out of the country. (*Id.*) At the Georgia address, the current resident identified Defendants as the owners of the house, but provided no forwarding address to the process server. (*Id.*) Thus, Plaintiffs could not practicably serve Defendants "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served," because they learned these Defendants do not reside at either known address because other individuals reside there and their current dwelling is unknown. (ECF No. 170-2); N.Y. C.P.L.R. 308(2). For a similar reason, Plaintiffs could not effectuate service under N.Y. C.P.L.R. 308(2) or (4) to Defendants' place of business because (1) ASZ Supply Inc. is an internet-based company (Pl. Mem., at 10) and (2) a certificate of dissolution for the company was filed on December 5, 2022. (Compl., at ¶ 35).

Plaintiffs have not expressed that they know of any other "actual place of business" for Shen and Zhu.

It is clear from the record that service under 308(1) was attempted and that all other methods of service pursuant to the N.Y. C.P.L.R. such as service by delivery at Shen and Zhu's place of business or by "nail and mail" would be "impracticable" because Plaintiffs have not been able to locate any additional physical addresses where service could be effectuated on these individuals.  The Court is thus tasked with determining whether service via email and publication are warranted as an alternative means of alerting Shen and Zhu of the action pending against them.  When effectuating service via alternative means, due process requires that the method selected provide "notice reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *In re Petrobras Secs. Litig.*, No. 14 Civ. 9662 (JSR), 2015 WL 10846515, at *1 (S.D.N.Y. Nov. 2, 2015) (cleaned up).

Plaintiffs propose serving Shen and Zhu by email to addresses they reported were theirs to the Georgia court system.  Plaintiffs represent that these addresses were registered with the court system in Georgia for the "express purpose of receiving legal documents," emails sent to the addresses provided have not bounced or failed, and that "they have demonstrated through their own conduct that . . . email is their preferred method of receiving legal communications." (Pl. Mem., at 10-11)  Thus, service by email to Shen and Zhu's electronic addresses  is "reasonably calculated" to provide notice of the pendency of the action.  *Id.*  There can be no doubt that because Shen and Zhu registered these specific email addresses with the Georgia

court's electronic filing system for the explicit purpose of receiving official legal documents, these are their email addresses and they have consented to service by electronic means in accordance with Georgia law.  Further, Plaintiffs represent that prior court documents in the Georgia actions were successfully delivered to these email addresses.  (ECF No. 170-5); s*ee Sec. & Exch. Comm'n v. China Northeast Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 399 (S.D.N.Y. 2014) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." (cleaned up)).

Plaintiffs also request to supplement electronic service by effectuating service via publication in a newspaper of general circulation in Forsyth County, Georgia, specifically, the Forsyth County News, once per week for four consecutive weeks.  (PL. Mem., at 13)  Plaintiffs argue this method of service – combined with electronic service – maximizes the likelihood of actual notice and further mirrors the method already approved by the court in Georgia.  (Pl. Mem., at 12; ECF No. 170-3)  Nevertheless, service by publication in a Georgia newspaper is not reasonably calculated to provide notice in the instant action.  Service by publication is particularly appropriate where plaintiffs show that the defendants have actual knowledge of the suit or are likely to receive the communication.  *See, e.g.*, *Sec. & Exch. Comm'n v. Anticevic*, No. 05 Civ. 6991 (KMW), 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (approving service by publication in part because the defendant's "actual knowledge" of the case "may increase the likelihood that published service will ultimately come to his attention").  Based on the record, Plaintiffs have not been able to explain how publication in the Forsyth County News has been an effective method of notice for these Defendants in the past.  In fact, the opposite is true.  In

the Georgia actions, publications in the Forsyth County news were made, yet default was the ultimate result of those cases.  Further, based on the statement made to the process server in California, Shen and Zhu are "abroad."  Indeed, it would do little good to effectuate service by publication in a state where Plaintiffs cannot affirmatively say the Defendants are located; in other words, publication will not maximize the likelihood of actual notice.  Finally, Plaintiffs have not been able to demonstrate that Shen and Zhu have any knowledge of this action.

Relatedly, Courts in this jurisdiction have found that service by publication is acceptable where the defendant is likely to read the newspaper in which the notice is published." *Ryzhov v. Malofeyev*, No. 23 Civ. 1072 (JMF), 2023 WL 6162823, at *2 (S.D.N.Y. Sept. 21, 2023) (citation omitted).  Plaintiffs have introduced no proof that Shen and Zhu are likely to read the Forsyth County News. *SEC v. China Intelligent Lighting & Elecs., Inc.*, No. 13 Civ. 5079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014) (denying motion for proposed service by publication where the plaintiff failed to include facts establishing publication would reach the defendant). In *Ajmad v. Crescioni*, the Court found service by publication in a newspaper where the defendants were located was appropriate when the plaintiff knew the defendants' locations. No. 23 Civ. 5776 (VSB) (JLC), 2024 WL 78558, at *2 (S.D.N.Y. Jan 8, 2024).  Here, Plaintiffs are moving for alternative service explicitly because they do *not* know where Shen and Zhu are located.   All the above facts militate against service by publication in a Forsyth County newspaper.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Alternative Service on Shen and Zhu

is GRANTED as to electronic service, but DENIED without prejudice as to publication in the

Forsyth County News.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 168.**

**SO ORDERED.**

DATED:        New York, New York
              January 15, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge