UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIN "KELLY" YANG and TING "SUSAN" CHEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A FEI, SHUYUN CHEN, YU "RITA" CHEN, YUEZHU DU, YURONG "MARY" HU, YUXIA HU, XUE "LINDA" LIN, QILONG "LUCY" LIU, LIJUN OUYANG, JINGYI SHEN, WENLING "ABBY" WANG, YUN YE, NAN "LUCAS" ZHENG, XIAONA "LINA" ZHOU, LEI "ANDY" ZHU, ASZ SUPPLY INC., AND DOE DEFENDANTS 1-100,<br><br>Defendants. | 24-CV-5055 (RA)<br><br><u>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION</u> |

RONNIE ABRAMS, United States District Judge:

Plaintiffs Xin "Kelly" Yang and Ting "Susan" Chen initiated this putative class action against sixteen named Defendants, including Defendant Yun Ye. Defendant Ye filed a "Response to Class Action Lawsuit" on December 2, 2024, seeking to be "removed" as a defendant from this case. Dkt. No. 42 ("Mot."). This Court referred Ye's submission to Magistrate Judge Katharine H. Parker. On April 9, 2025, Judge Parker issued a Report and Recommendation (the "Report") construing Ye's submission as a motion to dismiss under Rule 12(b)(6) and recommending that the Court deny the motion. Dkt. No. 84. Ye then filed objections to the Report ("Objs.") on April 23, 2025, seeking to hold the adjudication of the motion in abeyance pending completion of fact discovery. Dkt. No. 92 ("Objs."). For the reasons that follow, the Court adopts the well-reasoned Report in its entirety and denies Ye's motion.

**BACKGROUND**[1]

Plaintiffs Xin "Kelly" Yang and Ting "Susan" Chen initiated this putative class action against sixteen named Defendants, including Defendant Ye, in connection with Defendants' alleged involvement in a Ponzi scheme run through a website, www.homexdeals.com ("HomeX"). Compl. ¶ 1.[2] The scheme preyed on Chinese-speaking individuals, with much of the purportedly fraudulent communications being conducted in Chinese, through WeChat and other similar platforms. *See* Report at 1. According to the Complaint, HomeX encouraged Plaintiffs to buy memberships and make refundable deposits on purchases of goods which they would later receive at a steep discount or even for free. Compl. ¶ 2. Defendants purportedly represented to Plaintiffs that the fees and deposits would be invested to generate income necessary for the promised refunds. *Id.* However, Plaintiffs assert that the funds were not invested as promised, but were instead pocketed by Defendants. Compl. ¶ 4. Plaintiffs contend that Ye was an administrator who used a WeChat account to arrange purchase orders and refunds. Compl. ¶ 38.

After being served with the Complaint, Defendant Ye, proceeding *pro se* at the time, filed a motion entitled "Response to Class Action Lawsuit," Mot., seeking to be "removed" as a defendant from this case. Ye contends that the claims against him were fully resolved through settlement in a previous action captioned *Bian Lin, et al. v. Li Jun Ouyang*, Doc. No. 230202158, (the "Philadelphia Action"), filed in the Philadelphia Court of Common Pleas. He further maintains that the Philadelphia Action was a class action lawsuit, and that Plaintiffs in the instant case "fall within the scope of the class defined in that settlement." Mot. at 1. Contrary to Ye's claim, however, the Philadelphia Action was not styled as a class action. Instead, that action was

---

[1] The Court assumes the parties' familiarity with the facts as outlined in detail in the Report and restates facts and procedural history here only insofar as they are pertinent to the instant motion.
[2] Plaintiffs filed an Amended Complaint after the Report was issued. Dkt. No. 114. Nothing in the amendments alters the Court's analysis, and the Court refers to the original complaint for factual background.

filed by forty-eight individual plaintiffs against multiple defendants, including Ye and a related entity, Chen Ye LLC.  *See* Report at 2.  It follows that the settlement agreement in the Philadelphia Action was not a class action settlement binding on all class members, but rather an agreement entered into between Ye, Chen Ye LLC, and the forty-eight individual plaintiffs in that case.  *See* Mot. at 7.  Although the plaintiffs in the Philadelphia Action alleged that they were victims of the same scheme that is central to this action, it is undisputed that neither Plaintiff before this Court now was a party to the Philadelphia Action.  *See* Report at 2–3.

Ye filed this motion as a *pro se* litigant but subsequently retained counsel.  His counsel did not withdraw or modify the motion, but instead moved the Court to rule on the motion as filed. *See* Dkt. No. 59.  On April 9, 2025, Judge Parker issued the Report recommending that the motion be denied.  Ye timely filed his objections to the Report on April 23, 2025[3] seeking to hold the adjudication of the motion in abeyance pending completion of fact discovery, Objs., to which Plaintiffs responded.  Dkt. No. 95 ("Pl. Resp.").

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3).  In doing so, the Court may "adopt those portions of the recommendation to which no 'specific, written objection' is made, as long as those sections are not clearly erroneous."  *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (quoting Fed. R. Civ. P. 72(b)).[4] "A magistrate judge's decision is clearly erroneous only if the district court is left with the definite and firm conviction that a mistake has been committed."  *Stenson v. Heath*, 2015 WL 3826596, at

---

[3] There was a filing error with Ye's original filing on April 23, 2025.  Dkt. No. 91.  Ye refiled his objections on April 24, 2025.  Dkt. No. 92.  The Court views Ye's objections as timely filed.
[4] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

*2 (S.D.N.Y. 2015). A court must, by contrast, undertake a *de novo* review of those portions of a report to which specific objections have been made. *See* 28 U.S.C. § 636(b)(1)(C); *Greene*, 956 F. Supp. at 513. "If, however, the party makes only conclusory or general objections . . . the Court reviews the Report and Recommendation only for clear error." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

## DISCUSSION

Although a compelling argument could be made that Ye's two-page objections to the Report do not qualify as "specific written objections" under Rule 72(b), because the result would be the same under either standard, the Court reviews the Report *de novo* and finds no error in it—clear or otherwise.

The Court construes Ye's motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6) based on res judicata (claim preclusion) or collateral estoppel (issue preclusion). Dismissal under Rule 12(b)(6) is appropriate "[w]hen a defendant raises res judicata or collateral estoppel as an affirmative defense and it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law." *Linden Airport Mgmt. Corp. v. N.Y.C. Econ. Dev. Corp.*, 2011 WL 2226625, at *3 (S.D.N.Y. June 1, 2011) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

"In assessing the preclusive effect of a prior state-court judgment, we apply the preclusion law of the state that issued the judgment." *Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machines Corp.*, 110 F.4th 106, 114 (2d Cir. 2024). Because Ye's previous settlement was adjudicated in a Pennsylvania state court, the Report applied Pennsylvania law to determine whether the settlement agreement in the Philadelphia Action has preclusive effect. *See* Report at 5. The Court agrees that Pennsylvania law applies to the preclusion analysis.

Under Pennsylvania law, "[f]our elements common to both actions . . . must be present for res judicata to apply: an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *Coatesville Area Sch. Dist.*, 244 A.3d 373, 379 (Pa. 2021). Moreover, "[t]he doctrine of res judicata applies to and is binding, not only on actual parties to the litigation, but also to those who are in privity with them." *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1317 (Pa. Super. 1983). Similarly, "[c]ollateral estoppel will only apply where: the issue is the same as in the prior litigation; the prior action resulted in a final judgment on the merits; the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action." *Coatesville*, 244 A.3d at 379.

The only question before the Court is whether the "identity of parties" prong is met. In the Report, Judge Parker concluded that the settlement agreement and dismissal of claims against Ye in the Philadelphia Action cannot be the basis for res judicata or collateral estoppel because Plaintiffs in this action are not parties to the Philadelphia Action. *See* Report at 7. Ye does not dispute that Plaintiffs in the instant action were not involved in the Philadelphia Action. Instead, he argues that "the difference in stated names does not necessarily preclude" the possibility that "one or more of the plaintiffs in the Philadelphia action" may have been used as "proxies, agents, or representatives" of Plaintiffs, employed as "aliases" by Plaintiffs, or served as Plaintiffs' "alter ego/s." Objs. at 1–2. While privity could theoretically exist, Ye fails to provide any basis to support the existence of any relationships between Plaintiffs in the instant case and the Philadelphia plaintiffs. In fact, he does not even assert that such relationships exist, arguing only that such possibility is not precluded. Objs. at 1.

Ye's bare-bones contentions are insufficient to support his motion.  It is well settled that "[t]he burden is on the party seeking to invoke res judicata to prove that the doctrine bars the second action." *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997); *see also Bear, Stearns & Co., Bear, Stearns Sec. Corp. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 93 (2d Cir. 2005) (same for collateral estoppel).  As the party seeking to invoke res judicata or collateral estoppel, Ye bears the burden of proof.  Here, Ye's mere assertion that "the difference in stated names does not necessarily preclude" the possibility that Plaintiffs could have used "one or more of the plaintiffs in the Philadelphia action as proxies, agents, or representatives" or employed "aliases . . . corresponding to the names of one or more of the plaintiffs in the Philadelphia case," Objs., without any proof that Plaintiffs have actually done so, falls far short of the showing required for dismissal.

Regardless, Ye's argument regarding the possible "identicality and mutuality" between the Philadelphia action and the instant action, *id.* at 2, fails for the additional reason that it was not raised in his motion.  As Plaintiffs contend, Pl. Resp. at 2, "[i]n this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019); *see also Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all.").  Because Ye raised the possible relationships between Plaintiffs in the instant action and the Philadelphia plaintiffs for the first time in his objections to the Report, his argument has been forfeited.[5]

---

[5] Ye's counsel also claims that because he was retained by Ye subsequent to the filing of the motion, he was "precluded from the briefing process."  Objs. at 2.  Judge Parker, however, invited Ye's counsel to withdraw or supplement Ye's

Finally, in his objections, Ye seeks, for the first time, to hold the adjudication of his motion in abeyance pending completion of fact discovery. *See* Objs. The Court declines to do so as the motion is without merit. Should Ye obtain evidence through discovery supporting his assertions, he may renew those arguments in a motion for summary judgment at the appropriate time.

### CONCLUSION

For the foregoing reasons, the Court overrules Defendant Ye's objections to the Report. Defendant Ye's motion to dismiss is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 42.

SO ORDERED.

Dated:   May 15, 2026
          New York, New York

_____
Ronnie Abrams
United States District Judge

---

motion, *see* Dkt. No. 57 at 20, but counsel chose to seek a ruling on the motion as filed. Dkt. No. 59. In any event, the fact that Ye's motion was filed *pro se* does not alter the Court's conclusion that his privity argument has been forfeited. *Cf. United States v. Inniss*, 746 F. Supp. 3d 10, 19 (E.D.N.Y. 2024) ("A party waives any argument that he or she raises for the first time in a reply brief, even if the party is proceeding *pro se*.").