USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIN "KELLY" YANG and TING "SUSAN" CHEN, on behalf of themselves and all others similarly situated,

Plaintiffs,

–against–

CHUWEN XU a/k/a A FEI, et al.,

Defendants.

Case No. 1:24-cv-05055-RA-KHP

**ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT CHUWEN XU (a/k/a "A FEI")**

On July 3, 2024, Plaintiffs Xin "Kelly" Yang and Ting "Susan" Chen on behalf of themselves and those similarly situated (collectively "Plaintiffs") filed a complaint against Defendants A Fei, Shuyun Chen, Yu "Rita" Chen, Yuezhu Du, Yurong "Mary" Hu, Yuxia Hu, Xue "Linda" Lin, Qilong "Lucy" Liu, Lijun Ouyang, Jingyi Shen, Wenling "Abby" Wang, Yun Ye, Nan "Lucas" Zheng, Xiaona "Lina" Zhou, Lei "Andy" Zhu, ASZ Supply Inc., and Doe Defendants 1-100 (collectively "Defendants") alleging racketeering and racketeering conspiracy in violation of 18 U.S.C. §§ 1962(c), 1964(c) with underlying offenses of mail/wire fraud in violation of 18 U.S.C. §§ 1341,1343 and money laundering in violation of 18 U.S.C. § 1956. These claims stem from an alleged Ponzi scheme involving the HomeX enterprise, which purportedly defrauded Chinese-speaking customers of the enterprise of at least $10 million. Plaintiffs seek to certify a class of individuals injured by the scheme pursuant to Federal Rule of Civil Procedure ("Rule") 23. They further seek compensatory and punitive damages, injunctive relief, and attorneys' fees. (ECF No. 3)

On July 2, 2026, Plaintiffs filed the present Motion for Alternative Service on Defendant Chuwen Xu ("A Fei"), who they have not been able to serve up to now. (ECF Nos. 242-245) In support of their motion, Plaintiffs filed a memorandum of law ("Pl. Mem.") requesting an order permitting service by (1) WeChat, (2) text message, (3) email, and (4) publication on a publicly accessible website. Plaintiffs also filed 2 declarations along with supporting documents that include the Hague request, certificate indicating service could not be completed, WeChat profile information for A Fei, and several interrogatory excerpts. (ECF Nos. 244-245) For the reasons stated herein, Plaintiff's motion is GRANTED in part.

Where, as here, Plaintiffs have exercised reasonable diligence but have been unable to identify a valid physical address at which Defendant may be served, they cannot transmit judicial documents abroad. The Hague Convention therefore does not apply, and Rule 4(f)(3) permits the Court to authorize alternative service so long as the method selected is consistent with due process. That conclusion is consistent with the Second Circuit's recent decision in *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025), which reaffirmed that the Hague Convention is exclusive only when it applies. Unlike this case, *Smart Study* involved defendants whose physical addresses appeared to be accurate and a plaintiff that had made no attempt to effect service through the Convention.

Ater submitting a Hague Service Convention request to China's Ministry of Justice, International Legal Cooperation Center, seeking to serve Defendant at the Longjing Garden address – the only address corroborated by two independent sources – the Chinese Central Authority returned a Certificate of Non-Service stating that the documents could not be served because the "address provided does not exist." (ECF No. 244-2) Plaintiffs have declared that

they have diligently continued their efforts to locate Defendant, including by searching multiple social-media platforms, but have been unable to identify any current, valid physical address for him. (ECF Nos. 244-245) Plaintiffs have identified a WeChat account maintained by Defendant through which he can be contacted and through which the relevant papers can be transmitted directly to him. The Court is satisfied that service by WeChat, particularly when supplemented by text message and email, is reasonably calculated under all the circumstances to apprise Defendant of this action and afford him an opportunity to respond.

Accordingly, Plaintiffs are authorized to serve the summons and Second Amended Complaint on Defendant A Fei by the following means, each accompanied by a conspicuous statement, in English and Chinese, at the top of the message, that the message contains legal papers that should be read immediately:

1. WeChat: by sending friend requests to the WeChat accounts with WeChat IDs tony1688wang and Abc1def1gxy1 that include (a) a hyperlink to the summons and the Second Amended Complaint and (b) image files of those documents. If a friend request is accepted, Plaintiffs shall additionally transmit the summons and Second Amended Complaint within the resulting chat thread;

2. Text message (SMS): by sending a text message to telephone number +86 138 2875 1002 that includes a hyperlink to the summons and Second Amended Complaint;

3. Email: by sending the summons and Second Amended Complaint, attached and by hyperlink, to 964693@qq.com, 165437414@qq.com, xuchuwen100@hotmail.com, and xuchuwu100@outlook.com

However, the Court is not satisfied that Plaintiffs' request to supplement electronic service with publication on a "publicly accessible website" is reasonably calculated under Rule 4(f) to apprise Defendant of this action. Plaintiffs cite no authority approving service by publication on a website in comparable circumstances, nor do they identify the website on which the notice would be published and why it is likely that Defendant would be aware of the publication. Without that information, the Court cannot conclude that publication would provide the "independent assurance of notice" that Plaintiffs claim it would. Accordingly, this aspect of Plaintiffs' motion is DENIED.

In sum, service on Defendant A Fei shall be deemed complete upon the completion of service via WeChat, text message, and email. Fourteen days after service is complete, Plaintiffs shall file proof of service describing the steps taken to effectuate service pursuant to this Order. Defendant A Fei is directed to answer or otherwise respond to the Second Amended Complaint within twenty-one days after service is complete. Plaintiffs are further directed to serve a copy of this order upon Defendant along with a copy of the summons and Second Amended Complaint.

**SO ORDERED.**

Dated: July 6, 2026
New York, New York

Katharine H Parker

HON. KATHARINE H. PARKER
United States Magistrate Judge